IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION


THERMO-PLY, INC.,

      Plaintiff,

vs.                                                                                    CASE NO.: 1:13-CV-00652-RC

THE OHIO WILLOW WOOD COMPANY,
And BRUCE KANIA

      Defendants.
_____


**DEFENDANT THE OHIO WILLOW WOOD COMPANY'S
MOTION TO DISMISS, OR ALTERNATIVELY TRANSFER, OR STAY**


      Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant The Ohio

Willow Wood Company ("OWW), by and through its undersigned attorneys, respectfully moves

to dismiss, or alternatively stay, or transfer.  Under the "first-to-file" rule and the considerations

under 28 U.S.C. § 1404(a), this action should be dismissed or, alternatively, stayed or transferred

in view of a prior, parallel action filed by OWW in the United States District Court, Southern

District of Ohio involving the same patent, the same parties, and the same or at least substantially

similar issues.

**Preliminary Statement**

      Two months after Ohio Willow Wood filed suit against Thermo-Ply, Inc. ("Thermo-Ply")

in the United States District Court for the Southern District of Ohio, Eastern Division, seeking

relief from Thermo-Ply's infringement of OWW's U.S. Patent No. 8,523,951 ("the '951 Patent")

based on Thermo-Ply's manufacture and sale of thermoplastic gel liners, Thermo-Ply filed this action against OWW and Bruce Kania (the inventor of the '951 Patent) seeking a declaration that it does not infringe the same patent by making and selling the same products.  Though Thermo-Ply has also made allegations of anti-trust violations in this case, those allegations necessarily involve the validity and enforceability of OWW's patents including the '951 Patent.  Under the well-established "first-to-file" rule, this action should be dismissed or stayed in favor of the prior case or it should be transferred to the Southern District of Ohio.

## I.      Factual Background

Defendant OWW is an Ohio company founded in 1920 that designs, manufactures, and sells a wide range of prosthetic products.  In the mid-1990's, OWW was approached by co-defendant Bruce Kania ("Mr. Kania"), an amputee-inventor, who had invented several products for amputees.  OWW eventually acquired rights to certain prosthetic liner inventions conceived by Mr. Kania.  Specifically, Mr. Kania developed prosthetic liner inventions comprising fabric internally lined with thermoplastic gel that could be worn by lower limb amputees within their prosthetic socket as a means of providing increased comfort and mobility.  Mr. Kania has assigned the rights to those inventions to OWW.  Several patent applications claiming Mr. Kania's prosthetic liner inventions were prepared and filed with the United States Patent and Trademark Office ("USPTO") which subsequently issued several patents on the technology. These patents include U.S. Patent Nos. 5,830,237 (issued on November 3, 1998), 6,964,688 (issued on Nov. 15, 2005), 7,291,182 (issued on Nov. 6, 2007), and 8,523,951 (issued on September 3, 2013).

Plaintiff Thermo-Ply is a Florida corporation with its principal place of business in St. Petersburg, Florida.  (Dkt. No. 1 at ¶ 10).  Thermo-Ply manufactures, markets, and sells

prosthetic products including prosthetic liners made of fabric-covered thermoplastic gel. (Dkt. No. 1 at ¶ 10). Thermo-Ply's products are ultimately resold to amputees, including those residing in the United States. *Id.*

This is not the first federal law suit between OWW and Thermo-Ply pertaining to OWW's prosthetic liner patents. Suits involving Thermo-Ply's infringement of OWW's '237 and '182 Patents were filed in the United States District Court Middle District of Florida Tampa Division and the United States District Court Eastern District of Texas, Lufkin Division, respectively. In the Texas case, the Court ultimately found the '182 Patent to be invalid as obvious. That decision ("The Texas Court Decision") was handed down by the Court on November 20, 2009. The decision was affirmed by the Court of Appeals for the Federal Circuit on January 4, 2011. Other than the present Action, there is no pending litigation concerning OWW or Thermo-Ply in Texas. OWW is currently involved in patent litigation in the United States District Court Southern District of Ohio Eastern Division as well as in the United States District Court Middle District of Florida Tampa Division.[1] One of the cases pending in the

---

[1] Cases pending in the United States District Court Southern District of Ohio Eastern Division in which OWW is either the plaintiff or the Defendant include:

*The Ohio Willow Wood Company v. ALPS South, LLC*, Case No. 2:04-cv-1223
*The Ohio Willow Wood Company v. Alps South, LLC*, Case No. 2:05-cv-1039
*Alps South, LLC v. The Ohio Willow Wood Company, et al*, Case No. 2:09-cv-1027 (consolidated with Case No. 2:05-cv-1039)
*The Ohio Willow Wood Company v. Alps South, LLC*, Case No. 2:13-cv-00860
*The Ohio Willow Wood Company v. Thermo-Ply, Inc.*, Case No. 2:13-cv-00861

Cases pending in the United States District Court Middle District of Florida Tampa Division in which OWW is either the plaintiff or the Defendant include:

*Thermo-Ply, Inc. v. The Ohio Willow Wood Company, et al.*, Case No. 8:05-cv-00779-EAK-MAP
*Alps South, LLC v. The Ohio Willow Wood Company*, Case No. 8:07-cv-02076-SDM-MAP
*Alps South, LLC v. The Ohio Willow Wood Company*, Case No. 8:08-cv-01893-MSS-MAP

United States District Court Southern District of Ohio Eastern Division, *Alps South LLC v. OWW et al.*, Case No. 2:09-cv-01027-JLG-MRA (consolidated with Case No. 2:05-cv-1039), involves allegations of anti-trust violations by OWW and Bruce Kania which have been brought by Alps South, LLC.    A copy of the Complaint in Case No. 2:09-cv-01027-JLG-MRA (consolidated with Case No. 2:05-cv-1039) is attached as Exhibit A.    Alps' allegations are disputed by OWW and Mr. Kania.

On September 3, 2013, with knowledge of the Texas Court Decision and the Court's decision in *The Ohio Willow Wood Company v. Alps South, LLC*, Case No. 2:04-cv-01223-GLF at Dkt. No. 209 (in which the District Court utilized collateral estoppel based on the Texas Court Decision to invalidate the '237 Patent[2]), the USPTO issued OWW's '951 Patent entitled Prosthetic Socket Interface and Assembly.    OWW filed suit against Thermo-Ply for infringement of the '951 patent in the United States District Court Southern District of Ohio Eastern Division the same day.   A copy of the Complaint in Case No. 2:13-cv-00861 is hereby attached as Exhibit B.  This declaratory judgment action was filed by Thermo-Ply approximately two months later.  In its complaint in this case, Thermo-Ply seeks a declaratory judgment of non-infringement of the '951 Patent as well as a declaration that the '951 Patent is invalid.  *See* Dkt. No. 1.  Thermo-Ply has also brought anti-trust allegations against OWW claiming that OWW and Bruce Kania have violated Sections 1 and 2 of the Sherman Act by asserting allegedly fraudulently obtained Patents.  *Id.*  These allegations are similar to those brought by Alps in Case No. 2:09-cv-01027-JLG-MRA (consolidated with Case No. 2:05-cv-1039).

---

*Alps South, LLC v. The Ohio Willow Wood Company*, Case No. 8:09-cv-00386-EAK-MAP
*The Ohio Willow Wood Company v. Alps South, LLC, et al.*, Case No. 8:13-cv-01267-MSS-MAP

[2] The Decision Invalidating the '237 Patent was affirmed by the Court of Appeals for the Federal Circuit on November 15, 2013; the Court of Appeals remanded for a determination on the issue of inequitable conduct.

Though the Eastern District of Texas has been the forum for previous litigation between OWW and Thermo-Ply, none of the parties reside in Texas.  OWW sells its prosthetic products globally, but OWW's sole location is in Ohio.  The Southern District of Ohio is where each of OWW's principles is located and where each individual likely to testify on behalf of OWW in this matter resides.   Bruce Kania's location in Shepherd, Montana is approximately equal distance from the United States District Court Eastern District of Texas Beaumont Division (a distance of approximately 1,630 miles) and the United States District Court Southern District of Ohio Eastern Division (a distance of approximately 1,600 miles).

## II.     Statement of Issue

Should the Court dismiss, or alternatively stay or transfer venue of this action in favor of the previously filed action in the United States District Court for the Southern District of Ohio, Eastern Division under the first-to-file rule?

## III.    Law and Argument

Under the "first-to-file" rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.  *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F.Supp.2d 772, 774 (E.D. Tx. 2009).   The rule rests on principles of comity and sound judicial administration.   *Id.*   "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."   *Wells Fargo Bank, N.A. v. West Coast Lide Ins. Co.*, 631 F.Supp.2d 844, 846 (N.D. TX 2009).  A plaintiff has 120 days after it files its complaint with the court to effect service of the summons and complaint upon a defendant.  Fed. R. Civ. P. 4(m).

For purposes of first-to-file chronology, the date that an original complaint is filed – and not the date service was completed – controls. *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957); *Williston Basin Interstate Pipeline Co. v. Sheehan Pipe Line Const. Co.*, 316 F.Supp.2d 864, 867 (D.N.D. 2004). The seminal inquiry under the first-to-file rule is whether there is substantial overlap between the two cases. *RadiaDyne, L.L.C. v. Polyzen, Inc.*, Civ. No. H-11-4589, 2012 WL 626216 (S.D. Tex. Feb. 24, 2012) citing *Save Power Ltd. v. Syntek Finance Corp*, 121 F.3d 947 (5th Cir. 1997). If there is substantial overlap such that a single court should hear both cases, it should then be determined which court should hear the case. *Sanofi-Aventis Deutschland GmbH*, 614 F.Supp.2d at 777. Within the 5th Circuit, it is generally accepted that when it has been determined that there is substantial overlap between cases, the case in which the first filed case is pending should determine whether the first-to-file rule should be followed. *Bank of America v. Berringer Harvard Lake Tahoe*, 3:13-CV-0585-G, 2013 WL 2627085 (N.D. Tex. June 12, 2013); *Needbasedapps, LLC v. Robbins Research Int'l, Inc.*, 926 F. Supp. 2d 907, 918 (W.D. Tex. 2013); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999). The Federal Circuit has counseled that the analysis pertaining to whether a second filed suit should be heard should consider the convenience factors under 28 U.S.C. §1404(a). *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).

Section 1404(a) provides that a district court may transfer a civil action to any district in which it might have been brought "for the convenience of parties and witnesses" and "in the interests of justice." The goal of Section 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The threshold determination to be made under Section 1404(a) is whether the claim could have been filed in the judicial district to

which transfer is sought.  *Sanofi-Aventis Deutschland GmbH*, 614 F.Supp.2d at 776.  If so, the court's analysis turns to the convenience of the parties and the witnesses.  *Id.*  Various private and public factors are given consideration.  The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id* citing *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*  When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled.  *Id.*

### A.      There is Substantial Overlap between the '951 DJ Action and the '951 Infringement Suit

Substantial overlap does not require that the core issues in the first filed law suit and the second filed suit be identical, but instead requires that the two actions will involve closely related questions or subject matter.  *AmberWave Sys. Corp. v. Intel Corp.*, 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005).  In this case, Thermo-Ply has sought a declaration that it does not infringe the '951 Patent and that the '951 Patent is invalid.  *See* Dkt. No. 1.  Thermo-Ply's infringement of the '951 Patent is the precise issue in Case No. 2:13-cv-00861 ("the '951 Infringement Suit") filed by OWW in the Southern District of Ohio two months before this case was filed by Thermo-Ply.  *See* Ex. B.  While Thermo-Ply has also asserted anti-trust allegations

against OWW in the present case, those allegations involve Thermo-Ply's claim that OWW has brought unwarranted infringement actions against Thermo-Ply and others based on OWW's patents (including the '951 Patent) which Thermo-Ply alleges were fraudulently obtained.  *See* Dkt. No. 1.  A key issue in the case will accordingly be whether OWW's '951 Patent is valid and infringed by Thermo-Ply.  If Thermo-Ply fails to establish the invalidity of OWW's patents, Thermo-Ply's anti-trust allegations fail as a matter of law, though patent invalidity in and of itself is not enough to establish an anti-trust violation.  *See Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172 (1965).  There is undoubtedly substantial overlap between this case and the '951 Infringement Suit such that one court should decide both cases.  Because there is substantial overlap between this case and the '951 Infringement Suit, the Court should defer to the United States District Court Southern District of Ohio Eastern Division to determine whether and to what extent this case should proceed.  *Bank of America*, 3:13-CV-0585-G, 2013 WL 2627085; *Needbasedapps, LLC*, 926 F. Supp. 2d at 918; *Cadle Co.*, 174 F.3d 599.

### B.    The Analysis under Section 1404(a) Indicates that Deference Should be Given to the Southern District of Ohio

Even if this Court proceeds with a substantive analysis under the first-to-file rule, because the convenience of the parties supports deferring to the United States District Court Southern District of Ohio this Court should dismiss this case, transfer this case to the Southern District of Ohio, or at least stay this case.

### 1.    Jurisdiction in the Southern District of Ohio is Proper

Thermo-Ply has alleged in the Complaint filed in this case that its Thermo-Plastic liner products for which it seeks declaratory judgment under the '951 Patent are sold to amputees in

the United States.  Dkt. No. 1 at ¶ 10.  Upon information and belief, Thermo-Ply's thermoplastic liner products are distributed, sold, and offered for sale in the state of Ohio.  Accordingly, the United States District Court in the Southern District of Ohio has personal jurisdiction over OWW's allegations against Thermo-Ply in the Ohio Case.  Because, as discussed below, convenience factors favor transfer, it is respectfully submitted that this Court should dismiss this case or transfer it to the United States District Court in the Southern District of Ohio.  However, even if Thermo-Ply contests the issue of jurisdiction in the Southern District of Ohio, because convenience favors transfer, this Court should at least stay this case while the Southern District of Ohio makes the determination on the jurisdictional question.  *See Sanofi-Aventis Deutschland GmbH*, 614 F. Supp. 2d at 782.

### 2.    Convenience Factors Support Dismissal or Transfer to the Southern District of Ohio

There is no question that the United States District Court in the Southern District of Ohio is the more convenient forum for this action.  Not one of the parties resides in this judicial District.  OWW as well as its employees that are expected to offer testimony in this case reside in or near Mt. Sterling, Ohio which is within the Southern District of Ohio.  For example, it is expected that at least Robert Arbogast and James Colvin – whom have been specifically mentioned in the complaint filed in this matter – will offer testimony in this case on behalf of OWW.  *See* Dkt. No. 1 at ¶ 25.  Both Mr. Arbogast and Mr. Colvin reside in the Southern District of Ohio.  While co-defendant Bruce Kania resides in Montana, his residence is of equal distance to this district as it is to the Southern District of Ohio.  There isn't a single identifiable witness residing within this district.  The Fifth Circuit has adopted the "100 mile" rule.  *Sanofi-Aventis Deutschland GmbH*, 614 F. Supp. 2d at 779.  Under this rule, when the distance between

the existing venue for trial of a matter and a proposed venue under § 1404 is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled. *Id.*  The Southern District of Ohio is approximately 1,000 miles away from the Eastern District of Texas.  The 100 mile rule is applicable in this case and indicates that the factor of inconvenience to the witnesses strongly weighs in favor of a transfer to the Southern District of Ohio Eastern Division.

Further, OWW and Bruce Kania are defending similar (and similarly disputed) allegations of anti-trust violations in the United States District Court Southern District of Ohio Eastern Division.  Documentation and evidence relative to their defense will already be in that district and access to that evidence will accordingly be easier within that judicial district. Accordingly, the private interest factors of (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of the witnesses; and (3) the cost of attendance for willing witnesses all weigh in favor of transfer. *See id.* at 782.  As for the fourth private interest factor, whether all other practical problems that make trial of a case easy, expeditious, and inexpensive weighs in favor of transfer, this factor also suggests that the Southern District of Ohio is the most convenient forum.  In particular, the concurrent litigation within that district involving OWW and Bruce Kania in which similar anti-trust allegations have been asserted by Alps South LLC will make defending Thermo-Ply's anti-trust allegations within the Southern District of Ohio easier and more inexpensive for OWW and Mr. Kania than in this district.  This is not only due to the increased accessibility to evidence which was already discussed, but also because counsel for OWW and Bruce Kania are already familiar with the procedures relevant to asserting their defenses within that district.  Collectively, the private interest factors weigh in favor of transferring to the Southern District of Ohio.

Consideration of public interest factors also indicate that this case should be transferred or dismissed.  Ohio Willow Wood is located within the Southern District of Ohio.  As none of the parties are located within this judicial district, the public interest factor regarding the local interest in adjudicating local disputes weighs in favor of the Southern District of Ohio.  *See Sanofi-Aventis Deutchland GmbH*, 614 F.Supp.2d at 781.   Similarly, because the Southern District of Ohio is already adjudicating similar anti-trust allegations involving OWW and Bruce Kania [in Case No. 2:09-cv-01027-JLG-MRA consolidated with Case No. 2:05-cv-1039] and is currently adjudicating another infringement action brought by OWW on the '951 Patent [in Case No. 2:13-cv-00860-JLG-NMK], the Southern District of Ohio Eastern Division should be considered the forum that is more familiar with the law that will govern this case and that factor weighs in favor of the Southern District of Ohio.  *See id.*  Because there are no conflicts of law likely to arise in either this district or within the Southern district of Ohio, the final public interest factor is neutral.  *See id.*

The recent decision of the Court of Appeals for the Federal Circuit in *In re TOA Technologies, Inc.*, though issued as non-precedential, is on point.  A copy of the *In re TOA* decision is hereby attached as Exhibit C.  In *In re TOA*, the Court of Appeals rejected this Court's conclusion that consideration of the factors under § 1404 (a) did not require transfer of the case to the Northern District of Ohio.  Ex. C.  Of particular importance to the Court of Appeals was that none of the parties was located within the Eastern District of Texas while the Northern District of Ohio, where the Defendant was headquartered, housed physical sources of proof as well as at least seven witnesses expected to participate at trial.  *Id.* at pp. 5 – 6.  The Court of Appeals also discussed the Northern District of Ohio's local interest in adjudicating a case involving the defendant and explained that the defendant's sale of products in Texas did not

give rise to a local interest within the Eastern District of Texas.  *Id.* at pp. 6 – 7.   Consideration of the factors under 28 U.S.C. § 1404(a) in this case similarly indicates that this Court should dismiss or transfer to give deference to the more convenient judicial district, which in this case is the Southern District of Ohio Eastern Division.

Because in this case almost all of the factors considered under 28 U.S.C. §1404(a) suggest that the United States District Court in the Southern District of Ohio Eastern Division is the most convenient forum for the trial of this matter, the Court should apply the first-to-file rule and dismiss this case or transfer it to the Southern District of Ohio.  At the very least, this case should be stayed until the Southern District of Ohio considers any jurisdictional issues that may be raised by Thermo-Ply.

## IV.  Conclusion

Because there is substantial overlap between the issues of this case and those in Case No. 2:13-cv-00861 which was filed by OWW in the United States District Court Southern District of Ohio Eastern Division two months before this case was filed by Thermo-Ply, this Court should transfer this case to the Southern District of Ohio so that the Court in Case No. 2:13-cv-00861 may determine whether the first-to-file rule should be applied.  Alternatively, this Court should proceed with applying the first-to-file rule and dismiss, transfer, or at the very least stay this case pending resolution of Case No. 2:13-cv-00861 in the Southern District of Ohio Eastern Division.

Respectfully submitted,


/s/ Deron R. Dacus
Deron R. Dacus
Texas State Bar No. 00790553
The Dacus Firm
821 ESE Loop 323, Suite 430
Tyler, TX  75701
(903)705-1117
ddacus@dacusfirm.com


Of Counsel:


Jeffrey S. Standley (Ohio Bar No. 0047248)
Trial Attorney for Defendant
F. Michael Speed, Jr. (Ohio Bar No. 0067541)
Michael Stonebrook (Ohio Bar No. 0075363)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio  43017
Telephone:  (614) 792-5555
Facsimile:  (614) 792-5536
jstandley@standleyllp.com
mspeed@standleyllp.com
mstonebrook@standleyllp.com
litigation@standleyllp.com


Counsel for Defendant,
The Ohio Willow Wood Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 22nd day of November, 2013.  Defendant Bruce Kania is being served with a copy of this document via ordinary first class mail at the following address:

Bruce Kania
10052 Floating Island Way
Shepherd, Montana  59079

/s/ Deron R.  Dacus
Deron R. Dacus
An Attorney for Defendant, The
Ohio Willow Wood Company

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) Michael Stonebrook, counsel for Defendant The Ohio

Willow Wood Company, conferred by telephone with Richard Fee, counsel for Plaintiff Thermo-

Ply, Inc., on November 22, 2013 regarding the foregoing motion.  The parties were unable to

come to an agreement on this motion and Plaintiff Thermo-Ply, Inc. will oppose.

/s/ Michael Stonebrook
Michael Stonebrook