IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| THERMO-PLY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:13-CV-00652-RC |
| | ) | |
| THE OHIO WILLOW WOOD COMPANY, | ) | |
| and BRUCE KANIA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF, THERMO-PLY, INC.' S, MEMORANDUM IN OPPOSITION TO
DEFENDANT, THE OHIO WILLOW WOOD COMPANY'S,
MOTION TO DISMISS, OR ALTERNATIVELY TRANSFER, OR STAY AND
PLAINTIFF'S REQUEST FOR ORAL HEARING**

Pursuant to Local Rule CV-7 (d) and (g), Plaintiff, Thermo-Ply, Inc. ("Thermo-Ply"), respectfully submits this Memorandum in Opposition to the Motion to Dismiss, or Alternatively Transfer, or Stay (the "Motion") filed by Defendant The Ohio Willow Wood Company ("OWW") (Docket No. 8), and requests oral hearing regarding OWW's motion and this response.

## I.    INTRODUCTION

OWW's Motion to flee this Court should be denied.  First, this Court undisputedly possesses personal jurisdiction over OWW and is a proper venue for Thermo-Ply's claims.[1] Second, the "first-to-file" doctrine is inapplicable.  OWW seeks transfer to an Ohio court that

---

[1]    OWW did <u>not</u> file a motion to dismiss for lack of personal jurisdiction or improper venue.  Therefore, OWW concedes that it is subject to personal jurisdiction and venue is proper before this Court.   Rule 12 (h), Fed.R.Civ.P.

both lacks personal jurisdiction over Thermo-Ply and is an improper venue for this action.[2] Additionally, there is not substantial overlap of the issues in this *Walker Process* anti-trust case and in the one-count patent infringement lawsuit OWW filed in the U.S. District Court for the Southern District of Ohio (the "Ohio Action").  Moreover, even if the issues did substantially overlap, OWW failed to meet its burden to prove that the convenience factors under 28 U.S.C. §1404(a) favor transferring this action to the Southern District Court of Ohio to decide which court should hear the two actions.

In its Motion, Defendant OWW attempts to run from this Court.  OWW's desire to flee is ironic, but understandable.  OWW previously chose this very Court as the forum in which to file a patent infringement suit against Thermo-Ply.  OWW's case, however, ended with the invalidation (based on obviousness) of OWW's asserted patent on summary judgment.[3]  Having once chosen to sue Thermo-Ply here, OWW now seeks to escape and avoid litigating Thermo-Ply's *Walker Process* anti-trust claim and declaratory judgment claim before this Court.  This Court should maintain this action, however, because Thermo-Ply's *Walker Process* anti-trust claim is based on OWW's intentionally deceptive acts in obtaining the patent previously litigated before this Court and also fraudulently obtaining three (3) of OWW's other patents claiming essentially the same invention—a prosthetic liner made of fabric-covered thermo-plastic gel.[4]

---

[2]      Thermo-Ply already filed its motion to dismiss for lack of personal jurisdiction and alternative motion to transfer venue to this Court under 28 USC §1406(a) in the action styled *The Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, Case No. 2:13-cv-00861, pending before the U.S. District Court for the Southern District of Ohio.

[3]      The Federal Circuit Court of Appeals unanimously affirmed this Court's judgment invalidating OWW's asserted patent.  440 Fed. Appx. 926, 926 (2011)

[4]      That all four of OWW's patents at issue in this case cover the same basic invention is not disputed by OWW.  *See* Motion at p. 2.

## II.      THE TWO DISTRICT COURT LAWSUITS

### A.      The Ohio Action

On September 3, 2013, OWW filed its one-count complaint against Thermo-Ply in the Ohio Action alleging infringement of U.S. Patent No. 8,523,951 (the "'951 Patent").  OWW, however, did not even attempt to serve its Complaint on Thermo-Ply for almost two (2) months. OWW did nothing until *after* Thermo-Ply filed and served its Complaint in this case.

Thermo-Ply moved to dismiss the Ohio Action for lack of personal jurisdiction and improper venue.  Thermo-Ply also moved alternatively to transfer venue to this Court under 28 U.S.C. §1406(a).[5]

### B.      The Eastern District of Texas Action

On October 30, 2013, Thermo-Ply filed this case against OWW and Bruce Kania ("Kania"), asserting violations of Sections 1 and 2 of the Sherman Act for OWW's predatory, anticompetitive, and exclusionary conduct with the specific intent of monopolizing the market for fabric covered thermoplastic gel liners (the "Fabric Covered Gel Liners").

Thermo-Ply's Complaint alleges that, as part of its anticompetitive conduct, OWW fraudulently procured U.S. Patent No. 7,291,182 (the "'182 Patent"), U.S. Patent No. 5,830,237 (the "'237 Patent"), U.S. Patent No. 6,964,688 (the "'688 Patent"), and the '951 Patent (collectively, "OWW's Fraudulently Obtained Patents").  Specifically, OWW, Kania, and OWW's attorneys engaged in a scheme consisting of filing and prosecuting applications in the U.S. Patent and Trademark Office (the "PTO") and deliberately and intentionally made fraudulent misrepresentations and omissions before the PTO in order to procure and maintain those patents.  But for OWW and Kania's fraudulent misrepresentations and omissions, OWW's

---

[5]      A copy of Thermo-Ply's Motion to Dismiss, Alternative Motion to Transfer filed in the Ohio Action, and exhibits thereto, is attached to this Memorandum as Composite Exhibit A.

Fraudulently Obtained Patents would not have been issued or would have been invalidated earlier.  After those patents issued, OWW illegally restrained trade and obtained a monopoly in the market for Fabric Covered Gel Liners by initiating and maintaining numerous infringement lawsuits involving OWW's Fraudulently Obtained Patents.  OWW filed one such lawsuit before this very Court, alleging that Thermo-Ply had infringed the '182 Patent.

OWW also sued other competitors that make or sell Fabric Covered Gel Liners, including as Alps South LLC ("Alps"), DAW Industries, Fillauer Companies, Inc., and Seattle Orthopedic Group, Inc., for infringement of OWW's Fraudulently Obtained Patents.  OWW settled its other patent infringement lawsuits against its competitors (except Thermo-Ply and Alps) by entering into license agreements that effectively limited the competitors' sales of Fabric Covered Gel Liners.  Indeed, OWW admitted to the PTO that it settled its litigation with Seattle Orthopedic Group, Inc. ("Seattle Ortho") with an agreement that Seattle Ortho would cease manufacturing its prosthetic liner products.  *Notice of Related Proceedings,* May 4, 2011, Serial No. 12/341,038.

Thermo-Ply also seeks a declaratory judgment against OWW in this case.  Specifically, Thermo-Ply seeks a declaration that OWW's '951 Patent is invalid and unenforceable against Thermo-Ply.

Critically, Defendant Kania is not a party to the Ohio Action, and only one of four of OWW's Fraudulently Obtained Patents are at issue in the Ohio Action.

## III.    ARGUMENT AND CITATION OF AUTHORITY

OWW's entire argument to dismiss, transfer, or stay this action is premised on the "first-to-file" doctrine.  That doctrine is inapplicable to the facts of this case and should not be applied.

A.        **First-to-File Doctrine**

The first-to-file doctrine allows a court to refuse to hear an action where the issues "substantially overlap" with issues raised in another action previously-filed in another district court. *Acceleron, LLC v. Egenera, Inc.*, 634 F.Supp.2d 758, 765 (E.D. Tex. 2009).   Federal Circuit caselaw governs the first-to-file analysis in patent cases.   *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F.Supp.2d 772, 775 (E.D. Tex. 2009)(Clark, J.).   Under the doctrine, "a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied – an ***ample*** degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."   *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012)(emphasis added)(affirming district court's decision not to stay action under first-to-file rule "because the precise issues at stake differed between the proceedings and a key party was absent from the [other] action.").   The exceptions are "not rare" and may be made "in the interests of justice or expediency."   *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 20008).

When the first-to-file doctrine is raised, courts consider "(1) whether the actions are *so duplicative*, or involve *such substantially similar issues*, that one court should decide both actions; and (2) which court should hear the case." *Sanofi-Aventis*, 614 F.Supp.2d at 775 (emphasis added).  The Federal Circuit rejects any categorical rule that the first-filed court is "always" the appropriate forum to decide which court should hear a patent case.  *Id.*; *see Micron Tech., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).  Instead, the Federal Circuit directs that, if the district court finds the actions involve substantially similar issues, the court should then consider whether the convenience factors under 28 U.S.C. §1404(a) weigh in favor of transferring the

action to the first-filed court to decide which court will hear the case. *Sanofi-Aventis*, 614 F.Supp.2d at 775-76.

      **B.**      **This Action and The Ohio Action Are *Not* "So Duplicative" or "Involve Such Substantially Similar Issues" That One Court Should Decide Both Lawsuits**

The issues between the two cases are not duplicative or "substantially similar."  Rather, as shown on the chart attached to this Memorandum as Exhibit B, this Court will not be duplicating the work of the court in the Ohio Action, and that court will not be replicating this Court's judicial efforts.  Out of the 57 issues before this Court, only five (5) are also before the court in the Ohio Action.  The reason for this lack of commonality is simple.  Three (3) of the four (4) OWW Fraudulently Obtained Patents at issue in this case are **not** at issue in the Ohio Action.  Moreover, Defendant Kania is **not** a party to the Ohio Action and his actions and omissions giving rise to Thermo-Ply's *Walker Process* anti-trust claims are **not** before that court. Nor are the acts and omissions of OWW and its counsel that giving rise to Thermo-Ply's *Walker Process* anti-trust claims before that court.   The only overlapping issues relate to the invalidity and non-enforceability of the '951 Patent.

      **C.**      **Even If The Issues In This Action and The Ohio Action Were Substantially Similar, This Court–Where OWW Previously Chose to Sue Thermo-Ply -- Is Not An Inconvenient Forum Under 28 U.S.C. §1404(a).**

Although OWW, as a defendant, now argues that this Court is an inconvenient forum under 28 U.S.C. §1404(a), OWW believed differently when it chose to sue Thermo-Ply here for infringement of OWW's '182 Patent.  OWW's shift from plaintiff to defendant does not change the convenience of this forum.   "[T]he Court agrees that a Defendant cannot avail itself of the Eastern District's courts when it suits them, only to complain …later that the Eastern District is an inconvenient venue in a subsequent suit."  *Sanofi-Aventis*, 614 F. Supp.2d at 780.

OWW did not just avail itself of this Court's jurisdiction.  OWW used this Court as part of its scheme to monopolize the market for Fabric Covered Thermoplastic Gel Liners.  OWW's scheme, however, backfired when this Court determined that OWW's '182 Patent claims were invalid.  This Court's finding started the fall of OWW's dominos.  The invalidation of the '182 Patent claims caused the Southern District of Ohio and the Federal Circuit Court of Appeals to invalidate the '182 Patent's parent patent, OWW '237 Patent.  In affirming that invalidity, the Federal Circuit also considered OWW's inequitable conduct and concluded that "OWW withheld various pieces of material information and had no reasonable explanation for the several misrepresentations it made to the PTO."  *The Ohio Willow Wood Company v. Alps South, LLC*, Case Nos. 2012-1642, 2013-1024 (Fed. Cir., Nov. 15, 2013) [Doc. No. 53-2, p. 30].

OWW obviously desires that some other court determine whether its acts and omissions, and those of Kania, relating to OWW's Fraudulently Obtained Patents, including the previous action before this Court, violated the Sherman Act.  OWW's desire to escape this Court's scrutiny, however, does not convert this Court into an inconvenient forum.

OWW failed to meet its burden of proof to establish that transfer is warranted under the 28 U.S.C. §1404(a) convenience factors.  *See Candela*, 2007 WL 738615 at * 6 (denying motion to transfer under first-to-file and 28 U.S.C. §1404(a)).  OWW predicates its entire convenience argument on only two facts: (1) OWW and Kania are defending "similar allegations" of anti-trust violations in the Southern District of Ohio; and (2) two OWW employees, Robert Arbogast and Jim Colvin, who OWW "expects" to "offer testimony in this case on behalf of OWW," "reside in the Southern District of Ohio".  *See* OWW's Motion, at p. 9.

Neither of the "facts" OWW relies on argues in favor of transfer.  First, OWW forgot to disclose to this Court that **the Southern District of Ohio has stayed Alps' antitrust claims**

*against OWW and Kania in the cases cited by OWW*, and it is unknown when those claims will be reopened.[6]   Second, the private interest factors under 28 U.S.C. §1404(a) relate primarily to the convenience of *non-party* witnesses – not party witnesses such as Arbogast and Colvin. OWW did not identify a single non-party witness who will be inconvenienced by maintaining this action in Texas or for whom the Southern District of Ohio is more convenient.

The four (4) private and four (4) public interest factors show that this Court is a more convenient forum than the Southern District of Ohio, and should decide whether the present action should proceed before this Court.

### 1.      The relative ease of access to sources of proof favor this Court.

Thermo-Ply intends to call a variety of non-party witnesses in this case.   First, Thermo-Ply will call two (2) officers of Hangar, Inc. ("Hangar") to testify regarding OWW's lawsuit against a Hanger subsidiary, Seattle Ortho, for infringement of OWW's '237 Patent and the resulting licensing agreement: Vinit K. Asar, Hanger's President and Chief Executive Officer, and Thomas E. Hartman, Hanger's Vice President and General Counsel, both of whom are believed to reside near Hangar's corporate offices in Austin, Texas.  Thermo-Ply also intends to call three (3) employees of DAW Industries, Inc. ("DAW") to testify about the lawsuits OWW filed against DAW for infringement of OWW's '237 and '688 Patents, and the licensing agreement related to the settlement of those suits: Hugo Belizidsy, Nick Burrows, and Stuart Marquette, all of whom are believed to reside near DAW's corporate offices in San Diego, California.  Finally, Thermo-Ply will also call Jean Paul Comtesse, a former Silipos employee, to testify to the Silipos' prior art references, and his sworn testimony that OWW's lawyers

---

6    *See*, *Alps South, LLC v. The Ohio Willow Wood Co*., Case No. 2:09-cv-01027-ALM-TPK, Docket No. 66, 74; and *The Ohio Willow Wood Co. v. Alps South, LLC*, Case No. 2:05-cv-01039-ALM-TPK.

misrepresented to the PTO.  Mr. Comtesse's last known address is West Vancouver, British Columbia, Canada.

This Court is a more convenient forum for the non-party witnesses who work for Hangar and for DAW.  Both courts appear to be equally convenient for Silipos' former employee Mr. Comtesse.

### 2.    Availability of compulsory process to secure witnesses' attendance is neutral.

No identified non-party witnesses reside in either this district or the Southern District of Ohio.  Thus, this factor is neutral.

### 3.    The cost of attendance for willing witnesses favors this Court.

As noted above, the two (2) Hanger witnesses are believed to reside near Hangar's corporate offices in Austin, Texas.  Those witnesses will obviously incur greater costs to travel to the Southern District Court of Ohio's location in Columbus, Ohio than they would in traveling to this Court in Beaumont, Texas.  The three (3) witnesses who work for DAW in San Diego, California will likewise incur substantially less expense traveling to Beaumont, Texas (via Houston, Texas) than to Columbus, Ohio.  The cost for Mr. Comtesse to travel from West Vancouver, British Columbia to Beaumont, Texas (via Houston, Texas) is also less expensive than to Columbus, Ohio.[7]

### 4.    All other practical problems that make trial of a case easy, expeditious, and inexpensive favor this Court.

The lack of personal jurisdiction over Thermo-Ply in the Southern District of Ohio favors keeping this action in this Court. *Sanofi-Aventis*, 614 F.Supp.2d at 780-81 ("district courts have generally been reluctant to transfer venue in a case where the issue of personal jurisdiction over

---

[7] *See*, Declaration of Cynthia D. Nelson, attached as Exhibit C hereto.

the Plaintiff in the transferee venue is somewhat unclear.")   Where, as here, OWW has previously stipulated that Thermo-Ply is not subject to personal jurisdiction in Ohio, no reason exists to transfer this action to the Southern District of Ohio.

> **5.      The administrative difficulties caused by court congestion favor this Court.**

The Eastern District Court of Texas has a faster median time-to-trial (24.8 months) than the Southern District of Ohio (29.1 months). [8]

> **6.      The local interest in adjudicating local disputes is neutral.**

As discussed above, OWW previously filed suit against Thermo-Ply in this Court for infringement of the '182 Patent.  That baseless lawsuit, and OWW's efforts to use this Court to enforce the fraudulently-obtained '182 Patent, are part of Thermo-Ply's Sections 1 and 2 Sherman Act claims.  The residents of this District thus have an interest in the outcome of this case.  Because OWW's other patent enforcement actions were brought in the Southern District of Ohio, residents in that District likely share the same interest as residents here in the outcome of this case.  Thus, this factor is neutral.

> **7.      Familiarity of the forum with the law governing the case favors this Court.**

This Court participates in the Patent Pilot Program, while the Southern District of Ohio does not.  Thus, this Court is uniquely qualified to handle patent matters and its familiarity with patent law favors keeping this action here.

---

[8] http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2012/appendices/T03Sep12.pdf, Table T-3 (September 30, 2012), Median Time Interval for Total Trials.

**8.      The avoidance of unnecessary problems in conflict of laws is neutral.**

Because the private and public interest factors under 28 U.S.C. §1404(a) are either neutral or favor this Court, this Court should decide whether to keep this action here. *Candela*, 2007 WL 738615 at * 3-6.

**D.      This Court Should Not Follow The First-To-File Doctrine.**

Even if this action met all of the first-to-file considerations (which it does not), this Court has the discretion not to follow the first-to-file doctrine for a:

> …sound reason that would make it unjust or inefficient to continue the first-filed action.  Such reason may be the … absence of jurisdiction over all necessary or desirable parties.

*Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed. Cir. 1993).

Here, a very sound reason exists that will, in all likelihood, terminate the first-filed action:  the Southern District Court of Ohio lacks personal jurisdiction over Thermo-Ply and is an improper venue for OWW's claim.  Thermo-Ply has moved that Court to dismiss OWW's lawsuit or in the alternative to transfer the action to this Court under 28 U.S.C. §1406(a).  As set forth in detail within Composite Exhibit A, Thermo-Ply's Motion to Dismiss, Alternative Motion to Transfer filed in the Ohio Action, and exhibits thereto, Thermo-Ply has no contacts whatsoever with the state of Ohio, let alone the geographic area encompassed by the Southern District of Ohio.  The Southern District of Ohio clearly lacks personal jurisdiction over Thermo-Ply and is, therefore, an improper venue for OWW's patent action. It would be inefficient to transfer this action to the Southern District Court of Ohio only for that Court to dismiss OWW's own action and then transfer this case back to this Court.

It would be manifestly unjust to grant OWW's Motion.  OWW, which deliberately chose to use this Court to sue Thermo-Ply as part of its fraudulent patents enforcement scheme, now

seeks to avoid this Court from presiding over Thermo-Ply's antitrust claims arising from OWW's scheme.  No reason exists to allow OWW to flee from this Court to the perceived safety of its own backyard.

## CONCLUSION

For all of the foregoing reasons, this Court should deny OWW's Motion.

## REQUEST FOR ORAL HEARING

Pursuant to Local Rule CV-7 (g), Thermo-Ply respectfully requests oral hearing on OWW's motion and Thermo-Ply's response.

Dated:  December 9, 2013                    Respectfully submitted,

*/s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone:     (409) 866-3318
Facsimile:     (409) 866-5789
E-Mail:        thad@heartfieldlawfirm.com

Richard E. Fee, Esq.
Florida Bar No. 813680
Kathleen M. Wade, Esq.
Florida Bar No. 127965
Trial Attorneys for Plaintiff
FEE & JEFFRIES, P.A.
1227 North Franklin Street
Tampa, Florida  33602
Telephone:     (813) 229-8008
Facsimile:     (813) 229-0046
E-Mail:        rfee@feejeffries.com
E-Mail:        kwade@feejeffries.com

Counsel for Plaintiff, Thermo-Ply, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 9th day of December, 2013.  Defendant Bruce Kania is being served with a copy of this document on this 9th day of December, 2013, via regular first class U.S. Mail through his attorney, T. Earl LeVere, Ice Miller, LLP, 250 W. Street, Columbus, OH  43215.


*/s/ J. Thad Heartfield*
J. Thad Heartfield