IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

THERMO-PLY, INC.,                          CASE NO.: 1:13-CV-00652-RC

    Plaintiff,

vs.

THE OHIO WILLOW WOOD COMPANY,
And BRUCE KANIA

    Defendants.
_____/

**<u>DEFENDANT THE OHIO WILLOW WOOD COMPANY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY
TRANSFER, OR STAY</u>**

OWW has established that this case is substantially duplicative of Case No. 2:13-cv-00861 and that under the relevant analysis, the first-to-file rule should be applied and deference given by this Court to the Southern District of Ohio where OWW first sued Thermo-Ply for infringing the '951 Patent. The fact pattern of this case – where a party sued for patent infringement later files a second suit for a declaratory judgment on the same patent in a different forum – is routinely recognized by the courts as one which strongly urges application of the first-to-file rule. *See Futurewei Techs., Inc. v. Acacia Research Corp.*, 2013 U.S. App. LEXIS 24004 (Fed. Cir. Dec. 3, 2013)(opining that the first-to-file rule was properly invoked by the district court in dismissing counts requesting declaratory judgment of non-infringement and invalidity of patents at-issue in the first-filed litigation). Permitting this declaratory judgment action and the Ohio infringement suit to continue would amount to the type of judicial and party waste and could produce the type of inconsistent decisions the first-to-file rule was designed to prevent.

Thermo-Ply's Response in Opposition (Dkt. No. 11) to OWW's Motion to Dismiss or Alternatively Transfer or Stay under the first-to-file rule, attempts to color OWW as a forum-shopper trying to avoid the prior judgment of this Court. To the contrary, OWW has filed suit against Thermo-Ply in the jurisdiction in which OWW resides, the jurisdiction which has the best access to witnesses and sources of proof, the forum that has jurisdiction over both defendants, and the jurisdiction currently handling other litigation relating to OWW's patents. These motives are hardly controversial. Further, this Court's judgment invalidating the '182 Patent has been given collateral estoppel effect by the Southern District of Ohio in Case No. 2:04-cv-1223 in which many claims of OWW's '237 Patent were invalidated based on the decision. *See* Case No. 2:04-cv-1223 at Dkt. No. 182. Thermo-Ply's assertion that OWW is "running" from this Court is hollow. Because OWW first sued Thermo-Ply for infringement of the '951 Patent in the

Southern District of Ohio and because the convenience of the parties favors the Ohio case, this Court should defer to the Southern District of Ohio to determine whether this case should proceed.

I.   **The Issues of this Case and the Ohio Case Substantially Overlap and this Court should defer to the Ohio Court to Determine which Action should Proceed**

Thermo-Ply concedes that there are issues overlapping between this case and the Ohio case, but incorrectly concludes that there is not substantial similarity such that the first-to-file rule should be applied. (*See* Dkt. No. 11 at p. 6; s*ee also Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 774 (E.D. Tex. 2009); *Genetech v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993) ("We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial economy, and the just and effective disposition of disputes, require otherwise."). In this case, Thermo-Ply has sought a declaration that the same patent asserted by OWW against Thermo-Ply in the Ohio case is invalid and unenforceable. Thermo-Ply's argument that this case is not substantially similar to the Ohio Case is entirely reliant on the fact that Thermo-Ply has brought *Walker-Process* anti-trust allegations against OWW and Mr. Kania before this Court and those allegations have not been made a part of the Ohio case. Thermo-Ply's attempt to skirt the first-to-file rule based on these allegations must be rejected. As explained by the Federal Circuit, the fact that one law suit is broader than another carries little to no weight in deciding whether the first filed or second filed suit should proceed because the breadth of a case "is easily manipulated." *See Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 903 – 904 (Fed. Cir.2008). While Thermo-Ply has stated that its anti-trust allegations are not a part of the Ohio case, Thermo-Ply does not state that it would not or could not include the anti-trust allegations (the type of which are routinely brought by defendants in response to claims of patent infringement) in its counterclaim in the

Ohio case if this Court ultimately dismisses or transfers under the first-to-file rule. *See* Dkt. 11 at p. 6. Similarly, while Thermo-Ply states that Mr. Kania is not a party to the Ohio case, Thermo-Ply does not assert that he could not be made a party to that case. *Id*. In actuality, Thermo-Ply has not yet established that this Court has personal jurisdiction over Mr. Kania (and it is most likely that this Court does not). In contrast, Mr. Kania has filed an answer in Case No. 2:09-cv-01027 *Alps South LLC v. Ohio Willow Wood Company et al.* in which Alps' anti-trust allegations against OWW and Mr. Kania are pending in the Southern District of Ohio. Therefore, the Southern District of Ohio does have personal jurisdiction over Mr. Kania and Thermo-Ply could add him as a party to the Ohio case when it is not likely Thermo-Ply may pursue its antitrust claims against Mr. Kania in this Court. The breadth of this case in comparison to the Ohio case is not entitled to weight in this Court's consideration of the first-to-file rule and if anything, Thermo-Ply's' argument highlights why this Court should defer to the first-filed case pending in the Southern District of Ohio.

Even if Thermo-Ply's argument regarding the presence of its *Walker-Process* allegations and Mr. Kania in this case could be given weight, Thermo-Ply's characterization of the overlapping issues between the two cases cannot coexist with the allegations of Thermo-Ply's complaint. The complaint filed in this case provides that OWW's patents "are all substantially similar and essentially cover the same subject matter."[1] Dkt. No. 1. Then, in addressing OWW's allegedly fraudulent procurement of the '182 Patent, '237 Patent, '688 Patent, and '951 Patent, Thermo-Ply goes on to discuss a variety of allegedly undisclosed prior art and allegedly fraudulent misrepresentations. Dkt. No. 1 at pp. 9 – 21. For example, Thermo-Ply discusses

---

[1] Contrary to what is stated by Thermo-Ply in its Opposition, OWW does dispute whether the four patents-in-suit cover the same basic invention.

alleged "Salusso Material Information Withheld from the PTO"[2], "Silipos Material Prior Art Withheld From the PTO or Mischaracterized", "Fay Material Information and Prior Art OWW Failed to Disclose to the PTO", and "The Michael Material Information OWW Withheld from the PTO". *Id.* After discussing this allegedly undisclosed prior art and the alleged mischaracterizations, Thermo-Ply claims "[a]s a result of OWW's Fraudulent Non-Disclosures and OWW's Fraudulent Misrepresentations to the PTO, the PTO issued the '951, '688, and '182 Patents as well as reexamination certificates allowing the claims of the '688 and '237 Patents as amended during the reexamination."[3] Dkt. No. 1 at p. 21. Thermo-Ply is clearly alleging that the aforementioned non-disclosures and misrepresentations have affected the validity of each of OWW's Patents. Thermo-Ply admits that inequitable conduct will be at issue in the Ohio case. Dkt. No. 11-3 at p. 2. It is disingenuous for Thermo-Ply to claim that only 5 issues before the Ohio Court would also be before this Court when Thermo-Ply's inequitable conduct claims pertaining to the '951 Patent are seemingly so closely tied and overlapping with the alleged non-disclosures and alleged mischaracterizations that form the basis for Thermo-Ply's *Walker Process* claims in this case. Utilizing Thermo-Ply's chart of issues before this Court and the Ohio Court (filed as Exhibit B to Thermo-Ply's opposition), in light of Thermo-Ply's complaint

---

[2] This Court already found that Thermo-Ply did not have evidence to establish that Dr. Salusso should have been named as an inventor on OWW's '182 Patent. *See* Case No. 9:07-cv-00274 at Dkt. No. 104.

[3] Though OWW has not filed an answer in this case, OWW strongly opposes each and every allegation of inequitable conduct and each and every allegation of anti-trust that has been made by Thermo-Ply. The Court of Appeals for the Federal Circuit did recently issue an opinion in Case No. 2:04-cv-01223 overturning the District Court's grant of summary judgment to OWW on the issue of inequitable conduct finding that "[w]hen viewing the evidence in a light most favorable to Alps, there are genuine issues of material fact regarding whether OWW committed inequitable conduct during the reexamination proceedings that preclude summary judgment." But the CAFC did not find that OWW committed inequitable conduct and further, the CAFC misapprehended numerous facts underlying its decision. OWW recently filed a petition for rehearing highlighting many of the facts misapprehended by the panel, a copy of which is attached as Exhibit A.

OWW believes that at least 38 issues before the Ohio Court would be at least substantially duplicative of issues before this Court if Thermo-Ply's allegations regarding the similarity of OWW's patented inventions are taken as true. Because there is substantial overlap between the two cases, this Court's inquiry should end and the Southern District of Ohio should determine whether the first-to-file rule should be followed. *See Candela Corporation v. Palomar Medical Technologies, Inc.*, 2007 WL 738615 (E.D. Tex. Feb. 22, 2007).

## II. Convenience Factors Favor the Southern District of Ohio

OWW does not dispute that it brought suit against Thermo-Ply within this judicial district in 2007 and at that time it believed this forum to be convenient for that action. But, OWW does not believe that facts cannot change over a six year period which would render this forum inconvenient for Thermo-Ply's suit against OWW and Mr. Kania. This is certainly not a case where OWW has brought suit within this district "only to complain *less than one year later* that the Eastern District is an inconvenient venue in a subsequent suit." *See Sanofi-Aventis*, 614 F.Supp. 2d at 780; s*ee also* Dkt No. 11 at p. 6 where Thermo-Ply omits "less than one year later" from its quotation of *Sanofi-Aventis*. Besides, OWW's Motion to dismiss or transfer was not brought under 28 U.S.C. § 1404(a) based on inconvenience, but is rather a motion to dismiss based on the first-to-file rule which merely takes into consideration the convenience factors that are relevant to Section 1404(a). There is an important distinction. *See Candela Corporation*, 2007 WL 738615 (analyzing a motion to transfer under the first-to-file rule as well as a motion to transfer under Section 1404(a))  The Federal Circuit has recently reiterated "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action. *Futurewei Techs.,*

5

*Inc. v. Acacia Research Corp.*, 2013 U.S. App. LEXIS 24004 (Fed. Cir. Dec. 3, 2013). Thermo-Ply improperly attempts to boil the present motion to dismiss under the first-to-file rule down to a motion to transfer under Section 1404(a). But, Thermo-Ply's misapprehension of the issues is not outcome determinative here since analysis of the convenience factors that are relevant to Section 1404(a) reinforces that this Court should adhere to the first-to-file rule. *See* Dkt. No. 8.

As discussed by OWW in its Motion to Dismiss, the presence of OWW and its employees within the Southern District of Ohio as well as the fact that there are currently pending within that District other actions involving OWW's '951 Patent, OWW's other patents, and anti-trust claims brought against OWW and Mr. Kania, result in a finding that most of the convenience factors weigh in favor of applying the first-to-file rule and deferring to the Southern District of Ohio. *See* Dkt. No. 8 at pp. 9 – 12. This is in part because physical sources of proof are located in the Southern District of Ohio where the inventions claimed in the patents-in-suit were developed and where documents and evidence pertaining to OWW's litigation involving its other patents is located. The Federal Circuit's non-precedential but on-point decision in *In re TOA Technologies, Inc.*, Case No. 13-153 (Fed. Cir. Oct. 3, 2013) supports OWW's argument. *See* Dkt. No. 8-3.

In analyzing convenience under Section 1404, the Court must consider the convenience of both party and non-party witnesses even though the convenience of non-party witnesses is accorded greater weight. *Vertical Computer Sys. v. LG Elecs. Mobilecomm U.S.A., Inc.*, 2013 U.S. Dist. LEXIS 71561 at *12 - *13 (E.D. Tex. May 20, 2013). In its Motion to Dismiss or Alternatively Stay or Transfer under the first-to-file rule, OWW highlighted that two individuals specifically identified in Thermo-Ply's complaint reside in the Southern District of Ohio while no individuals identified in the complaint or named parties reside in this district. *See* Dkt. No. 8.

6

But, there are numerous OWW employees (as well as some *former OWW employees that qualify as non-party witnesses) that are anticipated to testify in this matter who reside in the Southern District of Ohio, including:

| Witness | Anticipated Subjects of Information |
|---|---|
| **Bob Arbogast** | OWW's assignment of Bruce Kania's patents, Product Development at OWW, OWW's patent enforcement litigation |
| **Jim Colvin**, OWW's director of engineering | The prosecution of OWW's patents, OWW's engineering department, Mr. Kania's inventorship of the inventions claimed in the patents-in-suit and rebutting the assertion that Mr. Colvin is an inventor, OWW's patent enforcement litigation |
| **James Capper**, a member of OWW's research and development department | Mr. Kania's inventorship of the inventions claimed in the patents-in-suit and rebutting the assertion that Mr. Capper is an inventor |
| **Jeffrey Lee Doddroe**, project engineer at OWW | Mr. Kania's inventorship of the inventions claimed in the patents-in-suit and rebutting the assertion that Mr. Doddroe is an inventor |
| **Christopher Kelley**, project engineer at OWW | OWW's Liner product development, R&D issues |
| **Mark William Ford**, *former OWW employee (currently lives in Dayton, Ohio) | Market information, information pertaining to OWW's marketing of prosthetic liners |
| **Raymond Francis**, *former chief prosthetist of OWW (has a residence in Ohio and Virginia) | State of the prosthetic industry during the 1990's, prior art prosthetic products |
| **Jay Herbert Kisinger**, assistant professor of mechanical engineering at Cedarville University, *former employee of OWW | Product development at OWW between 1992 and 1999. |
| **Bruce Helwagen**, *Former VP of Finance at OWW | OWW financial information, liner pricing history |
| **David Pierson**, CFO of OWW | Market information, information pertaining to OWW's sales |

Additionally, OWW's patent prosecution counsel that has prosecuted OWW's patents for approximately the last ten years and who is expected to testify in rebuttal to Thermo-Ply's inequitable conduct claims resides in Dublin, Ohio, which is within the Southern District of Ohio. OWW also expects Richard Treanor, a member of Oblon Spivak in Washington D.C. and OWW's prior patent prosecution counsel, to testify to various subjects of information including

rebutting Thermo-Ply's claims that OWW intentionally failed to disclose Silipos prior art to the PTO. While Mr. Treanor does not reside in the Southern District of Ohio, Washington D.C. is more conveniently located to that district than it is to the Eastern District of Texas.

To convince this Court that the Southern District of Ohio is not more convenient than this forum, Thermo-Ply makes allegations regarding alleged non-party witnesses which it will call to testify in this case. Thermo-Ply's allegations are suspicious. For example, Thermo-Ply asserts that it will call 2 officers of Hanger, Inc. "whom are believed to reside near Hanger's corporate offices in Austin, Texas" to testify regarding OWW's lawsuit against a Hanger subsidiary, Seattle Ortho. But, Thermo-Ply does not explain why it anticipates calling officers of Hanger, Inc. as opposed to officers or employees of Seattle Orthopedic Group (the entity Thermo-Ply indicates was actually sued by OWW for infringement of OWW's '237 Patent). Dkt. No. 11 pp.4, 8. Seattle Orthopedic Group has its home office in Maryland. *See* Exhibit B. And why has Thermo-Ply not indicated its intent to call representatives of Fillauer Companies Inc. – an entity repeatedly referenced in Thermo-Ply's complaint and whose alleged capped license with OWW forms a basis for Thermo-Ply's anti-trust allegations? *See* Dkt. No. 1 at 123, 127, 136, 137. Fillauer's location in Tennessee, which is more conveniently located to the Southern District of Ohio than to this District, is the probable reason. *See* Exhibit C.

Additionally, Thermo-Ply has not indicated why two (2) representatives from Hanger and three (3) representatives from DAW are anticipated to testify about topics that could likely be discussed by a single company representative. *See* Dkt. No. 11 at p. 8. Clearly Thermo-Ply is padding the number of witnesses to skew the convenience consideration. In view of these deficiencies in Thermo-Ply's argument and in further view of Thermo-Ply's weak assertion that it "believes" the identified witnesses reside at the locations discussed in its opposition, Thermo-

Ply's proffered argument pertaining to the convenience of its third-party witnesses and the cost of their travel to testify should be disregarded entirely. With regard to witness considerations, it is clear that the Southern District of Ohio is the most convenient forum to a greater number of party and non-party witnesses who will testify in this matter, the Ohio Court has greater availability of compulsory process to secure witnesses' attendance, and that the Ohio Court will be more affordable for a greater number of anticipated witnesses. This Court should accordingly defer to the Southern District of Ohio under the first-to-file rule.

Thermo-Ply's assertion that all other practical problems that make trial of a case easy, expeditious, and inexpensive, which is based on an alleged lack of personal jurisdiction over Thermo-Ply in the Southern District of Ohio similarly fails. As discussed, this jurisdiction does not possess personal jurisdiction over co-defendant Bruce Kania although the Southern District of Ohio does. So, under Thermo-Ply's reasoning, this factor is at best neutral. However, given the Southern District of Ohio's handling of another infringement action pertaining to the '951 Patent, Alps' anti-trust claims which have been lodged against OWW there, and Mr. Kania's presence within the district, that forum's familiarity with the issues indicates that the Ohio Court is more convenient. These same facts should also result in a finding that the Southern District of Ohio is the district more familiar with the law governing this case.

Not one of Thermo-Ply's arguments raised in opposition to OWW's Motion to Dismiss rebut the strong showing made by OWW that the Southern District of Ohio is the most convenient forum for this case. The Southern District of Ohio clearly has an interest in adjudicating a case in which it has been alleged that the patent rights of a resident entity are invalid and which further alleges violations of the anti-trust laws which stem from patent infringement cases filed primarily in that Court. While Thermo-Ply repeatedly references this

9

Court's interest in adjudicating its anti-trust claims, Thermo-Ply fails to acknowledge that it did not plead anti-trust violations or even inequitable conduct when it filed its counterclaim in Case 9:07-cv-00274. Because of the strong showing made by OWW under the factors relevant to Section 1404, it cannot be found that this case justifies making an exception to the first-to-file rule. This Court should accordingly dismiss this case or alternatively stay or transfer so that the Southern District of Ohio may decide how, if at all, it should proceed.

### III. No Reason Exists to Disregard the First-to-File Rule

Thermo-Ply asks that this Court not follow the first-to-file rule because the Southern District of Ohio purportedly lacks personal jurisdiction over Thermo-Ply. OWW has not stipulated to a general lack of personal jurisdiction over Thermo-Ply within the state of Ohio and OWW believes that Thermo-Ply's allegations regarding lack of jurisdiction in Ohio are meritless. But in any event, and respectfully, it is not for this Court to determine whether personal jurisdiction over Thermo-Ply is or is not lacking in the Southern District of Ohio. As decided by this Court in *Sanofi-Aventis*, any concerns this Court may have regarding a lack of personal jurisdiction in the transferee district may be addressed by staying this case until the Southern District of Ohio makes a determination on the jurisdictional question. *See* 614 F. Supp. 2d at 781 – 782. While OWW believes this Court should dismiss this action, the Court should at least stay pending resolution of the jurisdictional question by the Southern District of Ohio.

### IV. Conclusion

For the foregoing reasons, this case should be dismissed, transferred, or stayed under the first-to-file rule. OWW does not believe oral argument is necessary to resolve its Motion to Dismiss, but will participate if argument is ordered by the Court.

            Respectfully submitted,

            /s/ Jeffrey S. Standley

Jeffrey S. Standley (Ohio Bar No. 0047248)
Trial Attorney for Plaintiff
F. Michael Speed, Jr. (Ohio Bar No. 0067541)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio  43017
Telephone:  (614) 792-5555
Facsimile:  (614) 792-5536
jstandley@standleyllp.com
mspeed@standleyllp.com
litigation@standleyllp.com

Deron Dacus
The Dacus Firm
821 ESE Loop 323, Suite 430
Tyler, TX  75701
(903)705-1117
ddacus@dacusfirm.com

Counsel for Defendant,
The Ohio Willow Wood Company

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this the 19th day of December, 2013. Counsel for Defendant Bruce Kania is being served with a copy of this document via email at the following address:


T. Earl LeVere
Schottenstein Zox & Dunn Co., LPA
250 West Street
Columbus, Ohio 43215
elevere@szd.com
Attorney for Defendant Bruce Kania

                                                  /s/ Jeffrey S. Standley
                                                  Jeffrey S. Standley
                                                  An Attorney for Defendant, The
                                                  Ohio Willow Wood Company