**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **THERMO-PLY, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No, 1:13-cv-652-RC** |
| | § | |
| **v.** | § | |
| | § | |
| **THE OHIO WILLOW WOOD** | § | |
| **COMPANY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT BRUCE KANIA'S**
**MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

## I.   INTRODUCTION

Now comes Defendant Bruce Kania, by and through counsel, and hereby respectfully moves this Court to dismiss or transfer all of the claims asserted against him by Plaintiff Thermo-Ply, Inc. ("Thermo-Ply") in the above-captioned action.   Dismissal or transfer is appropriate for at least three reasons.   First, as asserted by Defendant The Ohio Willow Wood Company ("OWW") in its November 21, 2013 Motion to Dismiss [Doc. No. 6], this Court should transfer or stay this action pursuant to the "first-to-file" rule in favor of an earlier-filed case currently pending between OWW and Thermo-Ply in the United States District Court for the Southern District of Ohio (Case No. 2:13-cv-00861).   Alternatively, pursuant to Federal Civil Rule 12(b)(2), this Court should dismiss the claims asserted against Defendant Kania because Defendant Kania, an individual and Montana resident, is not subject to personal jurisdiction in the Eastern District of Texas.   Finally, this Court is not the proper venue for claims against Defendant Kania.

Bruce Kania does not belong in this case or this Court.  This case is one of many long-standing disputes between The Ohio Willow Company ("OWW") and its competitor, Thermo-Ply, Inc. ("Thermo-Ply"), related to a variety of liner products used by amputees in combination with prosthetic devices.  Mr. Kania is not—and has never been—an employee of OWW, does not direct OWW's litigation or patent-enforcement activities, and does not sell prosthetic liners on his own behalf or on behalf of OWW.  Rather, Mr. Kania, an amputee himself, developed the initial products that later evolved into the OWW liners and patents that are at issue in the many suits between OWW and Thermo-Ply.  Thermo-Ply's Complaint makes it clear that Mr. Kania had little, if any, actionable involvement in the alleged conduct that gives rise to Thermo-Ply's claims.  Mr. Kania is only alleged to have offered factual information to the patent office and to this Court regarding his role as the inventor on certain patents.  Mr. Kania has not sued anyone for infringement of any patent.  Mr. Kania has never been accused of manufacturing or selling a product that infringes any patent.  Mr. Kania has never been sued for patent infringement, contributory patent infringement, or inducement of patent infringement.

As a result, Mr. Kania respectfully requests that this Court dismiss, transfer, or stay the claims asserted against him in the instant action.  First, the "first-to-file" rule warrants that the Court dismiss, transfer, or stay the action as there is a substantial overlap between Thermo-Ply's claims in this case and the claims asserted by OWW against Thermo-Ply in an earlier-filed case pending in the Southern District of Ohio.  Second, and alternatively, the Court should dismiss the claims asserted against Mr. Kania here because, as a Montana resident with no connection to Texas, this Court lacks personal jurisdiction over Mr. Kania.  Third, this Court should dismiss or transfer Thermo-Ply's claims against Mr. Kania because, under 28 U.S.C. § 1391, this Court is not a proper venue for Thermo-Ply's claims.  In the alternative, the Court should transfer this

case to the Southern District of Ohio pursuant to 28 U.S.C. § 1404 for the convenience of the parties and the preservation of judicial resources.

## II.      LAW AND ARGUMENT

### A.      The Court Should Dismiss, Transfer, or Stay The Instant Action Pursuant to The Federal "First-To-File" Rule.

As asserted by Defendant OWW, Thermo-Ply's claims in this action substantially overlap the claims asserted by Defendant OWW in the earlier-filed case of *The Ohio Willow Wood Company v. Thermo-Ply, Inc.*, S.D. Ohio Case No. 2:13-cv-00861 ("the Ohio Action"). *See* Defendant The Ohio Willow Wood Company's Motion to Dismiss, or Alternatively Transfer, or Stay [Doc. No. 6] at 5-8 (hereinafter "OWW's Motion to Dismiss"). Defendant Kania respectfully submits that Defendant OWW's arguments are well-taken. Defendant Kania joins in said arguments and incorporates them by reference here. Accordingly, for the reasons advanced by Defendant OWW in OWW's Motion to Dismiss, this Court should dismiss the above-captioned action under the "first-to-file" rule, or transfer it to the Southern District of Ohio for consolidation with the Ohio Action.

### B.      The Court Lacks Personal Jurisdiction Over Mr. Kania.

If the Court is unwilling to dismiss or transfer the instant action pursuant to the "first-to-file" rule, this Court should dismiss the claims against Defendant Kania pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the Court lacks personal jurisdiction over Mr. Kania. A federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994). The plaintiff bears the burden of establishing the district court's personal jurisdiction when a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction. *Id.* at 648 (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)). Where

the Court decides a motion to dismiss for lack of personal jurisdiction without also holding an evidentiary hearing, the plaintiff must adduce evidence that establishes a *prima facie* case that the exercise of jurisdiction over the defendant is appropriate. *Wilson*, 20 F.3d at 648; *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). Where the Court holds an evidentiary hearing in the context of a challenge to personal jurisdictional, the plaintiff must demonstrate by a preponderance of the evidence that the Court has jurisdiction over the defendant. *See Kwik-Kopy Corp. v. Byers*, 37 F. App'x 90 (5th Cir. 2002); *Irvin v. S. Snow Mfg., Inc.,* 517 F. App'x 229, 230 (5th Cir. 2013); *Travelers Indem. Co. v. Calvert Fire Ins. Co.,* 798 F.2d 826 (5th Cir.1986). The Fifth Circuit Court of Appeals reviews a district court's ruling on personal jurisdiction *de novo*. *Wilson*, 20 F. 3d at 647-48; *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir. 1990).

In determining whether a federal court may exercise personal jurisdiction over a nonresident defendant, courts review both the forum state's long-arm statute and federal due process. *Wilson*, 20 F. 3d at 646-47; *Bullion*, 895 F.2d at. 215. Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.* sets forth Texas's long-arm statute. Texas's long-arm statute reaches to the constitutional limits, therefore, Texas federal courts must only perform a due process analysis. *Wilson,* 20 F.3d at 647; *Bullion*, 895 F.2d at 216. A plaintiff satisfies the constitutional due process requirements only where the plaintiff shows that: (1) the defendant purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" within the state; and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Moncrief Oil Int'l Inc. v. IAI Gazprom*, 481 F.3d 309 (5th Cir. 2007). Courts consider a defendant's "minimum contacts" for personal jurisdiction purposes in the context of evaluating both general

personal jurisdiction or specific personal jurisdiction.  *Wilson*, 20 F.3d at 647.  In the present case, the Court should dismiss the claims against Mr. Kania because his contacts with Texas are not sufficient to establish general or specific personal jurisdiction.

> **1.     As a Montana Resident, The Court Lacks General Personal Jurisdiction Over Mr. Kania.**

The United States District Court Eastern District of Texas lacks general personal jurisdiction over Mr. Kania.  General personal jurisdiction exists if the defendant's contacts with the forum state are substantial, continuous, and systematic, regardless of whether those contacts are related to the cause of action asserted in the case at issue.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984).  "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."  *Jackson v. Tanfoglio Guiseppe, S.R.L.*, 615 F. 3d 579, 584 (5th Cir. 2010); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  For a court to have general personal jurisdiction over a defendant, the  defendant must typically have a business presence in the forum state.  *Jackson*, 615 F.3d at 584; *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999).  "One time" events, such as contract negotiations, purchases, and even training are deemed insignificant and do not constitute the "continuous and systematic" ongoing operations that are necessary to exercise general personal jurisdiction over a defendant.  *See Helicopteros*, 466 U.S. at 408.

Mr. Kania has no substantial, continuous, or systematic contacts with Texas.  As stated in the Declaration of Defendant Bruce G. Kania attached hereto as Exhibit A (hereinafter, "Kania Decl."), Mr. Kania is a resident of Shepherd, Montana, and has been since 1976.  Kania Decl. at ¶ 4.  Mr. Kania has never resided in the state of Texas.  He does not have a business presence in Texas and has never individually had any business connections with Texas.  Kania Decl. at ¶¶ 4,

7.  Mr. Kania has never employed any individuals in Texas.  Kania Decl. at ¶ 7.  He has never had an office in Texas, either individually or in connection with any business endeavor with which he have been involved.  Kania Decl. at ¶ 7.  Mr. Kania, currently 61 years of age, has only visited Texas on two occasions in his lifetime, once to visit a personal friend residing in Sadler, Texas, and once in February 2009 to testify before this Court in a hearing where a third party was challenging Mr. Kania's status as the sole inventor on U.S. Patent No. 7,291,182 (*The Ohio Willow Wood Company v. Thermo-Ply, Inc.*, E.D. Tex. Case No. 9:07CV274) (hereinafter, the "'182 Patent Case").  Kania Decl. at ¶¶ 1, 8.  Mr. Kania's two visits to Texas were insular and isolated events that, as a matter of law, cannot amount to continuous, systematic, or ongoing operations in the state of Texas.  Under these circumstances, there is no evidence to establish even a *prima facie* case that Mr. Kania is subject to the general personal jurisdiction of the courts in the state of Texas.

## 2. The Court Lacks Specific Personal Jurisdiction Over Mr. Kania.

Much like it lacks general personal jurisdiction over Mr. Kania, this Court also lacks specific personal jurisdiction over Mr. Kania.  To prove that specific personal jurisdiction exists, a plaintiff must demonstrate that:  (1) The defendant has minimum contacts that are purposefully directed at the forum state; (2) there is a nexus between the defendant's contacts with the forum state and the plaintiff's claims; and (3) the exercise of jurisdiction over the defendant is fair and reasonable.  *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).  Plaintiff cannot satisfy any of these factors.

### a) Mr. Kania Has Not Purposefully Availed Himself Of The Privileges Or Protections Of Texas.

Exercising jurisdiction over Mr. Kania is improper because Thermo-Ply cannot prove that Mr. Kania purposefully availed himself of the privilege of conducting activities within this forum

such that he should reasonably anticipate being haled into this Court.  First, Thermo-Ply cannot satisfy the minimum contacts prong of the specific personal jurisdiction analysis because Mr. Kania lacks the necessary minimum contacts with Texas to subject him to this Court's jurisdiction.  The Supreme Court has held that due process requires that individuals with no meaningful contacts, ties, or relations to a forum must have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  The defendant must not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person.  *Electrosource, Inc., v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871-72 (5th Cir. 1999); *see also Moncrief Oil Int'l*, 481 F.3d at 312; *McFadin*, 587 F.3d at 759. "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a '*substantial connection*' with the forum State."  *Farmer Boys' Catfish Kitchens Int'l, Inc. v. Golden W. Wholesale Meats, Inc.*, 18 F. Supp. 2d 656, 660 (E.D. Tex. 1998) (holding that plaintiff failed to show that the existence of a contract, conclusory allegations of business solicitation, and uncorroborated hearsay of other business relations met the necessary minimum contacts to subject Defendant to personal jurisdiction in Texas) (emphasis added).

Mr. Kania's contacts with Texas do not amount to purposeful availment of the privileges and benefits of Texas or its laws.  As discussed above, Mr. Kania is a longtime Montana resident, has never lived in Texas, and has never conducted business in Texas.  Kania Decl. at ¶ 4, 7.  While residing in Montana, Mr. Kania was named as the inventor on U.S. Patent Nos. 5,830,237 (issued on November 3, 1998), 6,964,688 (issued on November 15, 2005), 7,291,182 (issued on November 6, 2007), and 8,523,951 (issued on September 3, 2013) relating to

prosthetic liners comprising fabric internally lined with thermoplastic gel that could be worn by lower limb amputees within their prosthetic socket as a means of providing increased comfort and mobility.  Kania Decl. at ¶ 5.  Mr. Kania assigned his rights in these patents to OWW.  Kania Decl. at ¶ 5.  Mr. Kania has made only two trips to Texas in his entire life.  Kania Decl. at ¶ 8.  One of Mr. Kania's two trips to Texas was to visit a personal friend residing in Sadler, Texas.  Kania Decl. at ¶ 8.  Mr. Kania's second visit to Texas was to testify as the inventor in the '182 Patent Case, almost five years ago, in response to an inventorship challenge by another party to that suit.  Kania Decl. at ¶ 8.  These contacts are insufficient to establish personal jurisdiction here.

For example, in *Kimberly-Clark Worldwide, Inc. v. Fameccanica Data Spa*, 2011 WL 2634287 *1 (E.D. Wisc. July 5, 2011), the court granted defendant, Fameccanica Data Spa's ("Fameccanica"), motion to dismiss for lack of personal jurisdiction.  In that case, the plaintiff, Kimberly-Clark Worldwide, Inc. ("K-C"), a Delaware corporation, sued Fameccanica, an Italian corporation, for allegedly indirectly infringing various K-C patents by manufacturing equipment used by others to make products that allegedly infringed K-C's patents.  *Kimberly-Clark*, 2011 WL 2634287 at *1.  In addition to its suit against Fameccanica, K-C also had a separate patent infringement suit pending in the same district against another company, First Quality Baby Products LLC ("First Quality").  *Id*.  First Quality used Fameccanica's equipment to manufacture the products that K-C accused of infringing its patents.  *Id*.  Fameccanica was not a party to the suit against First Quality.  *Id*.  In an attempt to invalidate K-C's patents in the suit against First Quality, Fameccanica voluntarily sent two of its employees to testify at a preliminary injunction hearing regarding prior art related to the technology at issue in that case.  *Id*. at *4.

The Wisconsin court granted Fameccanica's motion to dismiss for lack of personal jurisdiction, finding that Fameccanica had not purposefully availed itself of the benefits of Wisconsin for purposes of the suit against it by having its employees testify in Wisconsin in the action against First Quality.  *Id*. at *5.  Specifically, the court stated:

> The fact that Fameccanica employees traveled to Wisconsin and testified at a preliminary injunction hearing in a case between First Quality and K–C does not show that Fameccanica has purposefully availed itself of the privilege of doing business in Wisconsin.  The testimony related primarily to the employees' knowledge of prior art, not to a dispute between K–C and Fameccanica.  K–C's claims against Fameccanica do not arise out of the testimony offered in Wisconsin.  At best K–C's claims against Fameccanica have only a tangential relationship to the Wisconsin testimony of the Fameccanica employees.

*Id*.  Similar to *Kimberly-Clark*, by testifying in the '182 Patent Suit on the issue of inventorship, Mr. Kania never intentionally or purposefully availed himself of the protections or benefits of Texas or its laws, or of the benefits of the state or federal legal system in Texas.  Mr. Kania was not a party to the '182 Patent Case (Kania Decl. at ¶ 8) just like Fameccanica was not a part to K–C's suit against First Quality.  Mr. Kania did not initiate the '182 Patent Suit, nor did he raise the issue on which he testified.   Kania Decl. at ¶ 9.   He merely testified as a fact witness regarding his status as the inventor of the '182 Patent.  Kania Decl. at ¶ 9.   Moreover, Thermo-Ply's claims here "do not arise out of" Mr. Kania's testimony in the '182 Patent Suit.  Just like *Kimberly-Clark*, Thermo-Ply's antitrust claims "[a]t best…have only a tangential relationship" to Mr. Kania's 2009 testimony regarding inventorship.  *Kimberly-Clark*, 2011 WL 2634287 at *5.  Thus. Mr. Kania's prior testimony is insufficient to establish the "minimum contacts" with Texas that are necessary for the exercise of specific personal jurisdiction.

> **b)** **Mr. Kania's Two Contacts With Texas Do Not Form A Nexus With Thermo-Ply's Claims.**

In addition to the lack of evidence that Mr. Kania ever purposefully availed himself of Texas or its laws, there is no jurisdictional nexus between Mr. Kania's testimony almost five

years ago and Thermo-Ply's new antitrust claims.  Thermo-Ply's antitrust claims did not arise

from or result from Mr. Kania's random, fortuitous, and attenuated contacts in Texas.  Although

Thermo-Ply has argued that the '182 Patent Suit is a material portion of its antitrust claims, Mr.

Kania, as noted above, was not a party to that suit and was not involved in OWW's decision to

file the suit, or to file the suit in Texas.  Kania Decl. at ¶ 8.  Additionally, Mr. Kania's testimony

in the '182 Patent Suit is not material to any of Thermo-Ply's allegations, even if the Court finds

that the '182 Patent Case generally is material to Thermo-Ply's antitrust claims.  The issue on

which Mr. Kania testified was not an issue between OWW and Thermo-Ply; it was an issue

raised by an intervening plaintiff (Coastal Liners, LLC).  *See* Cross-Complaint, E.D. Texas Case

No. 9:07CV274, filed January 13, 2009 [Doc. No. 56].  Moreover, notwithstanding this Court's

ultimate ruling in the '182 Patent Case, this Court found in OWW's favor that Mr. Kania was the

sole inventor on the '182 Patent.  *See* Order, E.D. Texas Case No. 9:07CV274, filed November

20, 2009 [Doc. No. 104].  Accordingly, for purposes of the pending antitrust claims, there can be

nothing inappropriate or anticompetitive about, or arising from, Mr. Kania's earlier testimony.

Rather, Thermo-Ply's antitrust claims "[a]t best…have only a tangential relationship" to Mr.

Kania's 2009 testimony, which is insufficient for personal jurisdiction purposes.  *See, e.g.,*

*Kimberly-Clark*, 2011 WL 2634287 at *5.  As a result, there can be no nexus between Thermo-

Ply's claims in this action and Mr. Kania's inventorship testimony in the '182 Patent Suit,

making this contact insufficient for the exercise of personal jurisdiction over Mr. Kania here.

> **c)     The Exercise Of Jurisdiction Over Mr. Kania Would Not Be
> Fair And Reasonable.**

The final factor in the personal jurisdiction analysis that Plaintiff must prove is that the

exercise of personal jurisdiction is fair and reasonable under the circumstances.  The Fifth

Circuit holds that the ultimate inquiry is whether the defendant has purposefully availed himself

of the privilege of conducting activities within the forum such that he "reasonably anticipates being haled into court" in that jurisdiction.  *See McFadin*, 587 F.3d at 759; *Stuart*, 772 F.2d at 1190.  Mr. Kania is not, and has never been, an employee of OWW.  Kania Decl. at ¶ 6.  Mr. Kania contractually assigned certain patents and related technology to OWW for OWW to commercialize on its own.  *Id*. at ¶ 5.  Mr. Kania does not direct OWW's patent enforcement strategy or decide where or against whom OWW will file suit.  *Id*. at ¶ 6.  Mr. Kania was not involved in the decision to sue Thermo-Ply in Texas in 2007.  *Id*. at ¶ 8.  Mr. Kania's testimony in this Court five years ago was a result of unilateral activities by other parties—namely Coastal Liners' challenge the patent's reference to Mr. Kania as the sole inventor.  Mr. Kania did not have fair warning that his testimony would subject him to jurisdiction in this forum five years later.  Accordingly, exercising jurisdiction over Mr. Kania in this case would be neither fair nor reasonable, and would fail to satisfy the due process requirements of the U.S. Constitution.

The Fifth Circuit considers five factors when determining whether jurisdiction is fair and reasonable: "(1) The burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies."  *McFadin*, 587 F.3d at 760.  These factors weigh in favor of denying jurisdiction here.

First, the exercise of jurisdiction of Mr. Kania would cause him substantial burden.  Mr. Kania resides in Montana and has no connection with Texas.  Kania Decl. at ¶ 4.  The Court can certainly appreciate that travel from Shepherd, Montana, to Beaumont, Texas, is time-consuming, expensive, and disruptive to Mr. Kania's primary business activities (which are unrelated to prosthetic liners (*Id.*)).  Mr. Kania's documents and physical evidence relating to

prosthetic liners are located either in Montana or Ohio.  *Id.*  Therefore, having no real connection to Texas, the burden on Mr. Kania would make it unfair and unreasonable for the Court to exercise jurisdiction over him.

Second, Texas has no particular interest in exercising jurisdiction over Mr. Kania. "Texas has an interest in protecting its residents' property rights and providing a convenient forum for its residents to resolve their disputes."  *McFadin*, 587 F.3d at 763.  The dispute *sub judice*, however, involves parties from Florida, Texas, and Montana—not residents of Texas. Indeed, there is no evidence that *any* party to this action has any material connection to Texas or any significant contacts here.  Even if this Court were to feel some connection to this action because it invalidated OWW's '182 Patent, such a connection would not translate into a Texas interest in exercising jurisdiction over Mr. Kania.  As noted elsewhere, (i) Mr. Kania only testified in that case as a fact witness, (ii) on an issue raised by a third party, (iii) where the Court accepted his testimony and found in OWW's favor.  Finally, even Thermo-Ply has conceded that Texas has no special interest in this case.  *See* Plaintiff, Thermo-Ply, Inc.'s Memorandum In Opposition To Defendant, The Ohio Willow Wood Company's Motion To Dismiss, Or Alternatively Transfer, Or Stay And Plaintiff's Request For Oral Hearing [Doc. No. 11] at 10 (referring to the Court's "local interest" as "neutral" in the context of the venue analysis) (hereinafter, "Thermo-Ply's Memorandum in Opposition").  Therefore, Texas has no interest in exercising jurisdiction over Mr. Kania.

Third, declining jurisdiction over Mr. Kania does not negatively impact Thermo-Ply's interest in securing relief.  Thermo-Ply asserts each of its claims jointly against OWW and Mr. Kania (despite the fact that the great majority of the factual allegations in the Complaint do not involve actions by Mr. Kania).  Thermo-Ply's claims can proceed without Mr. Kania.  There is

no allegation that Mr. Kania is a necessary party to this action.  Alternatively, should Thermo-Ply insist on proceeding against Mr. Kania and OWW jointly, Thermo-Ply can proceed against Mr. Kania and OWW in Ohio, where both parties are subject to personal jurisdiction.

Fourth, the interstate judicial system's interest in the efficient administration of justice also weighs in favor of finding that the exercise of jurisdiction over Mr. Kania is not fair or reasonable.  The interstate judicial system depends on the efficient administration of justice, conservation of judicial resources, avoiding a multiplicity of lawsuits involving the same issues, and minimizing the risk of inconsistent results.  Accordingly, it would be more efficient to address Thermo-Ply's antitrust claims in the Southern District of Ohio in the context of the Ohio Action and in the context of Alps-South's pending antitrust claims in the case of *Alps South, LLC v. The Ohio Willow Wood Company, et al.*, Case No. 2:09-cv-1027 (consolidated with Case No. 2:05-cv-1039) (the "Alps-South Action") where there is concurrent access to proof and witnesses.

Additionally, the interstate judicial system's interest in the efficient administration of justice favors encouraging percipient witnesses to consent to offering live testimony at trials and hearings where that testimony would help the court of the jury.  Finding that testifying as a non-party witness in a case gives rise to personal jurisdiction in subsequent cases (especially where the earlier testimony is not at issue in the later cases) would discourage witnesses from testifying unless compelled to do so by court process.  Discouraging witnesses outside of a court's subpoena power from testifying voluntarily would greatly limit litigants, jurors, and courts' access to helpful proof, and would thereby hinder the litigation process overall.  Thus, because exercising jurisdiction over Mr. Kania here could have the unintended effect of discouraging

witnesses from testifying voluntarily in other cases, this Court should find that exercising jurisdiction is not fair or reasonable under the circumstances.

Likewise, the several states share an interest in furthering the fundamental social policy of encouraging non-party witnesses to cooperate with others' efforts to protect and preserve their rights.  So often, people simply "do not want to get involved," even when the information they possess is crucial to protecting another's rights.  Converting voluntary testimony into a one-way ticket to personal jurisdiction in a distant forum flies in the face of a policy that is at the heart of the adversarial system.  Our judicial system protects its citizens, in part, by allowing them access to live witnesses at trial.  This is a privilege and a distinct benefit of our legal system; it is not to be taken lightly or jeopardized.[1]  Exercising jurisdiction over Mr. Kania here does exactly that, however.  Therefore, Thermo-Ply cannot show that this Court's exercise of personal jurisdiction over Mr. Kania would be fair and reasonable.

Because Mr. Kania, a Montana resident, never engaged in individual business dealings with anyone in Texas, or with Thermo-Ply anywhere, never anticipated that testifying as a fact witness would subject him to future suit in Texas for alleged antitrust violations, and the exercise of this Court's jurisdiction over Mr. Kania would not be fair and reasonable, this Court should conclude that it lacks general and specific personal jurisdiction over Mr. Kania, and should dismiss all of Thermo-Ply's claims against him.

**C.    This Court Is Not The Proper Venue For Thermo-Ply's Claims Against Defendant Kania.**

If the Court decides that exercising jurisdiction over Mr. Kania is appropriate, the Court should nevertheless dismiss this action or transfer it to the Southern District of Ohio because

---

[1] Compare, for example, administrative proceedings before the Trademark Trial and Appeal Board where the rules do not allow live testimony.  Rather, all testimony is via deposition, and the fact finder must make all evidentiary determinations based only upon paper submissions.

Texas is not a proper venue for this action.  A defendant in a federal suit may request that the court dismiss a lawsuit for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  Once a defendant asserts a Rule 12(b)(3) motion, the burden of sustaining venue lies with the plaintiff. *L & H Concepts LLC v. Schmidt*, 2007 WL 4165259 *1 (E.D. Tex. Nov. 20, 2007).

Alternatively, even where venue is proper in the original court, a defendant may move to transfer venue pursuant to 28 U.S.C. §1404(a).  Under 28 U.S.C. § 1404(a), the moving party has the burden of showing good cause for transferring venue.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  A circuit court reviews a district court's venue ruling for an abuse of discretion.  *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004); *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008).

### 1.        Venue Is Improper Under 28 U.S.C. § 1391 As To Mr. Kania.

This Court should dismiss Thermo-Ply's claims against Mr. Kania because the Eastern District of Texas is not the proper venue for those claims.  In an action not based on diversity, proper venue lies in either:  "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b); *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008).  The claims against Mr. Kania fail each of these tests.

Thermo-Ply's claims fail under the first prong of 28 U.S.C. § 1391(b) because not all defendants "reside" in Texas for venue purposes.  28 U.S.C. § 1391(b)(1).  Mr. Kania, as a natural person, is deemed to reside in the judicial district in which his is domiciled, which is the

District of Montana.  *Id.*; Kania Dec. at ¶ 4.  As such, he does not "reside" in Texas for venue

purposes, and venue is improper under 28 U.S.C. § 1391(b)(1).[2]

Thermo-Ply's claims against Mr. Kania also fail the second test for venue in 28 U.S.C. §

1391(b) because the Eastern District of Texas is not a judicial district in which a *substantial* part

of the events or omissions giving rise to the claims against Mr. Kania occurred.  28 U.S.C. §

1391(b)(2).  "Although the chosen venue does not have to be the place where the most relevant

events took place, the selected district's contacts still must be substantial."  *McClintock*, 299 F.

App'x at 365 (dismissing the case for improper venue because none of the events occurred in the

district where the litigation was brought); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F.

Supp. 1073, 1078 (E.D. Tex. 1997) (transferring venue because none of the events or conditions

giving rise to the lawsuit occurred in Texas).  As noted above, and as confirmed by Thermo-

Ply's Complaint, Mr. Kania's only action in Texas was to testify as a fact witness in the '182

Patent Case.  Mr. Kania's inventorship testimony, however, is not a *substantial* part of the events

or omissions giving rise to the claims.  Indeed, his testimony is not even a material part of any of

Thermo-Ply's claims whatsoever.  Thus, this Court is not a proper venue under 28 U.S.C. §

1391(b)(2) for claims against Mr. Kania.

Finally, venue is improper in this Court under the third prong of 28 U.S.C. § 1391(b).

Section 1391(b)(3) applies only "if there is no district in which an action may otherwise be

brought."  28 U.S.C. § 1391(b)(3).  There is no dispute, however, that Thermo-Ply could have

properly brought this action in the Southern District of Ohio, either as a counterclaim to OWW's

Ohio Action or as a stand-alone claim in a separate action.  *See* Defendant The Ohio Willow

---

[2] As an entity, OWW resides in any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question.  28 U.S.C. § 1391(c)(2).  Mr. Kania makes no argument here as to the Court's personal jurisdiction over OWW.  Despite whether OWW is subject to personal jurisdiction in this forum, not all defendants would reside in Texas, and venue is improper under 28 U.S.C. § 1391(b)(1).

Wood Company's Reply in Support of its Motion to Dismiss, or Alternatively Transfer, or Stay [Doc. No. 16] at 2-3  (hereinafter "OWW's Reply in Support of Motion to Dismiss").  OWW is subject to personal jurisdiction in the Southern District of Ohio, and OWW directs its operations from the Southern District of Ohio.  Mr. Kania is also currently subject to personal jurisdiction in Ohio in the Alps-South Action.  Since personal jurisdiction and venue would have been proper in the Southern District of Ohio, 28 U.S.C. § 1391(b)(3) does not preserve venue in Texas. Accordingly, because none of the tests of 28 U.S.C. § 1391(b) properly venue Thermo-Ply's claims against Mr. Kania in this Court, the Court should either dismiss the claims or transfer them to the Southern District of Ohio.

### 2. The Convenience of The Parties Weighs In Favor Of Transferring The Case to the Southern District of Ohio Under 28 U.S.C. § 1404.

If the Court somehow decides that venue is proper under 28 U.S.C. § 1391, then Mr. Kania respectfully requests that the Court transfer this case to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).  "[T]he first determination a district court must make in considering transfer under § 1404(a) is whether the plaintiff's claims could have been brought in the proposed transferee district."  *Balthasar Online, Inc. v. Network Solutions, LLC*, 654 F. Supp. 2d 546, 549 (E.D. Tex. 2009).  After the Court is satisfied that the transferee venue is one where the suit could have been brought, the district court must then consider the convenience of the parties and witnesses in both forums.  *Id*. at 550; *In re Volkswagen AG*, 371 F.3d at 203; 28 U.S.C. § 1404(a).  In a suit involving multiple defendants, transfer of venue is proper "if all of them would have been amenable to process in, and if venue as to all of them would have been proper in, the transferee court." *Balthasar Online, Inc.*, 654 F. Supp. 2d at 549-50.

As discussed above, Thermo-Ply could have asserted its claims against Mr. Kania in the Southern District of Ohio.  Therefore, the Court should grant a motion to transfer venue upon a showing that the Southern District of Ohio is "clearly more convenient" than the this Court.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).  When deciding whether to transfer venue, the court balances private and public interest factors.  *In re Volkswagen AG*, 371 F.3d at 203.  The private factors are the following:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.  The public interest factors involve the following: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws.  *Id.*

The Southern District of Ohio is the most convenient forum for this action.  In addition to the reasons set forth by OWW (*see* OWW's Motion to Dismiss [Doc. No. 6] at 8-12 and its Reply in Support of Motion to Dismiss ([Doc. No. 16] at 5-10), which Mr. Kania joins in and incorporates herein by reference, the convenience factors support transfer of the claims against Mr. Kania.  With regard to the first private interest factor, Mr. Kania's documents and physical evidence relating to prosthetic liners are located either in Montana or Ohio.  Kania Decl. at ¶ 4.  Therefore, this factor weighs in favor of transfer to Ohio.  The second and third private interest factors also weigh in favor of transfer to Ohio, as any likely compulsory process to secure the attendance of witnesses not be in Texas.  The undersigned is aware of no witnesses whatsoever who live in Texas or within 100 miles of this Court and even Thermo-Ply concedes that none of

its potential witnesses reside in this judicial district (Thermo-Ply's Memorandum in Opposition [Doc. No. 11] at 9).   The cost of voluntary attendance for witnesses located outside of the Eastern District of Texas would not be significantly less expensive or less inconvenient if the action were to remain in Texas as compared to if the Court transferred it to Ohio.   Further, as already discussed, Texas lacks personal jurisdiction over Mr. Kania.   However, Mr. Kania is subject to jurisdiction in the Southern District of Ohio in the Alps-South Action, and would consent to jurisdiction there for this case.

As for the public interest factors, at least 6 other cases involving OWW's patents or products are pending in the Southern District Ohio.   *See* OWW Motion to Dismiss [Doc. No. 6] at note 1.   It would be more efficient to address the antitrust claims in the Southern District of Ohio because of the currently pending cases and the concurrent access to proof and fact witnesses.   The Southern District of Ohio has an interest in adjudicating a case in which it has been alleged that the patent rights of a resident entity are invalid, and which further alleges that its resident's effort to assert its constitutional rights to protect and enforce its patents violated antitrust laws.   None of the parties are citizens of Texas and, as a result, the potential jurors in Texas have no interest in the outcome of the action.   There is no evidence that the outcome of this case would impact any Texas residents.   Finally, conflict of laws is neutral because the case does not involve questions of state law.   Therefore, the public factors support transferring the case for convenience.

Since venue in Ohio would be more convenient as to both Mr. Kania and OWW, and equally convenient in Ohio for Thermo-Ply, the Court should transfer this case to the Southern District of Ohio.

III.     CONCLUSION

Mr. Kania respectfully requests that this Court dismiss, transfer, or stay the claims asserted against him in the instant action.  Since there is a substantial overlap between Thermo-Ply's claims in this case and the claims asserted by OWW against Thermo-Ply in an earlier-filed case pending in the Southern District of Ohio, the "first-to-file" rule warrants that the Court dismiss, transfer, or stay the action.  Alternatively, the Court should dismiss the claims asserted against Mr. Kania because this Court lacks personal jurisdiction over Mr. Kania.  Mr. Kania is a Montana resident with no continuous connection to Texas, and no specific connection to Texas that gives rise to any of Thermo-Ply's claims.  Finally, even if this Court were to decide to exercise personal jurisdiction over Mr. Kania, this Court should dismiss or transfer Thermo-Ply's claims against Mr. Kania for improper venue under 28 U.S.C. § 1391, or transfer them to the Southern District of Ohio pursuant to 28 U.S.C. § 1404 for the convenience of the parties and the preservation of judicial resources.

Respectfully submitted

*/s/ Deron R. Dacus*
Deron R. Dacus
Texas State Bar No. 00790553
The Dacus Firm
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117
ddacus@dacusfirm.com

OF COUNSEL:

T. Earl LeVere
Ohio State Bar No. 0063515
Ice Miller LLP
250 West Street
Columbus, Ohio 43215
(614) 462-1095
earl.levere@icemiller.com

Jana E. Harris, Ph.D.
Indiana State Bar No. 29949-49
Ice Miller LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-5972
jana.harris@icemiller.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the foregoing DEFENDANT

BRUCE KANIA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

AND IMPROPER VENUE to be filed with the Court using the Court's CM/ECF system on

December 23, 2013, which will automatically send notice of this filing to all counsel of record

who have consented to electronic service.  Counsel may view a copy of the foregoing document

via the Court's CM/ECF system.

*/s/ Deron R. Dacus*
Deron R. Dacus
An Attorney for Defendant Bruce Kania