IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| THERMO-PLY, INC., §<br>   Plaintiff, §<br>             §<br>v.            §<br>             §<br>THE OHIO WILLOW WOOD COMPANY, et al., §<br>   Defendants. §| Case No, 1:13-cv-652-RC |

## DEFENDANT BRUCE KANIA'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

### I. INTRODUCTION

Plaintiff, Thermo-Ply, Inc. ("Thermo-Ply"), in its Response Memorandum in Opposition to Defendant, Bruce Kania's, Motion to Dismiss (Dkt. No. 25) ("Thermo-Ply's Response") argues that: 1) the "first-to-file" rule does not apply to Mr. Kania because the parties are not identical; 2) this Court has personal jurisdiction over Mr. Kania because of his prior testimony given in this Court and his communications with Mr. Goldberg, a Texas resident; and 3) that venue is proper because the prior action in this Court was a substantial event giving rise to the current action. Contrary to Thermo-Ply's arguments, the "first-to-file" rule does not require identical parties. Also, this Court still lacks personal jurisdiction over Mr. Kania because his prior testimony and communications with Mr. Goldberg did not give rise to the claims in this case, and the communications with Mr. Goldberg were conducted in Mr. Kania's capacity as a member of a limited liability company. Finally, venue is improper because a substantial part of the events relating to Mr. Kania did not occur in this judicial district.

### II. LAW AND ARGUMENT

  A. **The Federal "First-To-File" Rule Does Not Require Identical Parties.**

Joining in arguments raised by Defendant The Ohio Willow Wood Company ("OWW"), Mr. Kania argues in his Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

(Dkt. No. 18) ("Kania's Motion to Dismiss") that this Court should transfer or stay this action pursuant to the "first-to-file" rule in favor of an earlier-filed case currently pending between OWW and Thermo-Ply in the United States District Court for the Southern District of Ohio (S.D. Ohio Case No. 2:13-cv-00861) (the "Ohio Action"). Thermo-Ply argues, with no supporting authority, that Mr. Kania's first-to-file argument is "fundamentally flawed" and allegedly "wholly ignores the fact *this action is the first and only filed action involving Kania*." Thermo-Ply's Response, Dkt No. 25, p. 1 (emphasis in original). Thermo-Ply's argument, however, "wholly ignores" that the first-to-file rule does not require that the parties to the two actions be identical.

In fact, the Fifth Circuit has specifically recognized that the first-to-file rule does not require that the parties be identical. *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997) (affirming the district court's application of the first-to-file rule even though the parties to the two actions were not identical). Rather, the crucial inquiry is one of "substantial overlap" between the parties and the issues. *Id*. at 950. Accordingly, Mr. Kania's absence from the Ohio Action does not undermine the appropriateness of transferring or staying this action in favor of the Ohio Action. *See Id*. (transferring case even though Syntek was not a party to the original action).

As noted in Mr. Kania's Motion to Dismiss (Dkt. No. 18) and in OWW's Motion to Dismiss (Dkt. No. 16), there can be no real argument that the Ohio Action in this case substantially overlaps with the instant action. First, there is a substantial overlap of the parties since both cases involve OWW and Thermo-Ply. Also, both cases undeniably require consideration and adjudication of the validity of the '951 Patent. A ruling in the Ohio Action on the validity of the '951 Patent will be binding upon the parties in this Court, and vice versa. There can be no debate that the validity of the '951 Patent in each case is a "substantial" issue. Even Thermo-Ply has not argued such.[1]

---

[1] Similarly, Thermo-Ply's infringement of the '951 Patent is also at issue in both cases. Thermo-Ply's infringement of the '951 Patent is relevant to Thermo-Ply's antitrust claims here because Thermo-Ply could argue that OWW's Ohio Action is "objectively baseless," and therefore an antitrust violation, even if the '951 Patent is not invalid. *Prof'l Real*

Additionally, Mr. Kania's absence from the Ohio Action is of no consequence here because Thermo-Ply could name Mr. Kania as a new party defendant when it files its Answer in the Ohio Action. This fact further supports transfer under the first-to-file rule. *See West Gulf Maritime Ass'n v ILA Deep Sea Local*, 751 F.2d 721, 731 n.5 (5th Cir. 1985) (noting that incomplete identity of the parties does not mandate that two actions remain pending simultaneously where complete relief was available in one forum and the missing parties likely could be made parties to that action). Therefore, this case is substantially related to the Ohio Action even though Mr. Kania is not a party of the Ohio Action, and a stay or transfer to Ohio under the first-to-file rule is appropriate.

B. **The Court Lacks Personal Jurisdiction Over Mr. Kania.**

As further justification for dismissing or transferring this case, this Court lacks personal jurisdiction over Mr. Kania. Ignoring the personal attacks on Mr. Kania, Thermo-Ply's Response only asserts that jurisdiction is proper here because (i) Mr. Kania testified in a case here in 2009 pursuant to a contract with Ohio-based OWW and (ii) Mr. Kania is a member of an LLC that also has a member residing in Texas. These allegations are not sufficient to satisfy the due process requirements for personal jurisdiction.[2]

Thermo-Ply concedes that Mr. Kania is not subject to general personal jurisdiction in Texas and argues only that Mr. Kania's contacts with Texas subject him to specific jurisdiction here. Thermo-Ply argues that jurisdiction exists because Mr. Kania "voluntarily" testified before this Court in 2009 and has frequently communicated with Tim Goldberg, a Texas resident. Because the

---

*Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 51 (1993) A finding of infringement in Ohio would moot an argument that the Ohio suit was "objectively baseless."

[2] Thermo-Ply also takes issue with a February 1999 Montana patent infringement suit that named Mr. Kania as a nominal plaintiff. *See* Thermo-Ply's Response at Ex. C, ¶7 (identifying OWW as the exclusive licensee of the patent-in-suit). Thermo-Ply's red-herring is an attempt to discredit Mr. Kania before this Court. In addition to being filed nearly fifteen years ago (*id.*), the case (i) was not in this district, (ii) is unrelated to Thermo-Ply's pending antitrust claims (and not referenced as one of OWW's anticompetitive activities), and (iii) arose out of U.S. Patent No. 5,603,122, not one of the four allegedly "fraudulently obtained patents." In the interest of fairness, however, Defendant's motion should have stated more precisely, "Mr. Kania has not sued anyone for infringement of any patent *that is at issue here or that Thermo-Ply alleges was procured through inequitable conduct*." (See, Kania's Motion to Dismiss (Dkt. No. 18) at 2). Accordingly, the 1999 Montana action does not support the exercise of jurisdiction here.

issue is specific jurisdiction, Mr. Kania's connections with Texas unrelated to the claims asserted have no place in the analysis. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (specific jurisdiction requires a nexus between defendant's forum contacts and the plaintiff's claims).

Mr. Kania's 2009 testimony is not enough to subject Mr. Kania to jurisdiction here. *Kimberly-Clark Worldwide, Inc. v. Fameccanica Data Spa*, 2011 WL 2634287 (E.D. Wisc. July 5, 2011) is directly on point, holding that voluntary prior art testimony by two employees in a related case was not sufficient to give rise to personal jurisdiction over the employer in a subsequent suit for patent infringement. Thermo-Ply cites no contrary authority to support its argument that Mr. Kania's prior testimony subjects him to jurisdiction here. Thermo-Ply asserts, without explanation, that *Kimberly-Clark* differs from the current action because Mr. Kania's testimony has more than a "tangential relationship" to Plaintiff's claims. However, Mr. Kania 2009 testimony is on all fours with the testimony in *Kimberly-Clark* insofar as both dealt directly with the ability to assert the patent that was at issue in the later case. This Court should likewise find that Mr. Kania's 2009 testimony is equally insufficient to give rise to jurisdiction. Indeed, the case for jurisdiction was stronger in *Kimberly-Clark* than it is here. First, the prior testimony in *Kimberly-Clark* was close in time to the subsequent infringement suit. Here, Mr. Kania testified in Texas almost ***five years ago***. Second, in *Kimberly-Clark*, the testimony addressed prior art and the validity of the patent that was the basis of the infringement claim in the second suit. More remotely here, Mr. Kania testified about inventorship and prior art for a single patent in 2009, yet the current suit asserts antitrust claims relating to four patents, multiple lawsuits, and multiple settlement agreements. Moreover, Mr. Kania's actual testimony regarding the validity of the '182 Patent is immaterial to the antitrust claims because this Court has already invalidated the '182 Patent. Thermo-Ply offers no explanation as to why it believes that Mr. Kania's 2009 testimony is substantially more related to Thermo-Ply's anti-trust claims than was the testimony in *Kimberly-Clark*.

In addition, while a single act may be sufficient to confer specific jurisdiction, that act must *give rise to* the claim being asserted. Thermo-Ply's Response, Dkt. No. 25, p. 8. In *Kimberly-Clark*, the employees testified as to prior art for infringement, and the Court concluded that the later claims did not "give rise to" the testimony offered by the employees. *Kimberly-Clark*, 2011 WL 2634287 at *5. Likewise, Mr. Kania's prior testimony did not "give rise to" Thermo-Ply's antitrust claims. Thermo-Ply offers no explanation otherwise, and instead folds Mr. Kania's 2009 testimony into its theory of an overarching scheme by OWW to destroy competition. Under Thermo-Ply's rationale, **any** OWW witness in the prior case would be amenable to personal jurisdiction in this action. The Constitution does not give courts such a broad reach. Moreover, the witnesses' voluntary appearance in *Kimberly-Clark* was insufficient for jurisdiction. Here, as Thermo-Ply points out in its Response, Mr. Kania was obligated to testify. *See* Thermo-Ply's Response (Dkt. No. 25) at 6. Given his undisputed contractual obligation, Mr. Kania did not "purposefully avail" himself of the Texas judicial system. Accordingly, Mr. Kania's 2009 testimony does not satisfy the Constitutional minimum contacts necessary to confer specific personal jurisdiction.

Thermo-Ply also argues that Mr. Kania lied by failing to disclose contacts with Tim Goldberg, a Texas resident. Mr. Kania, however, accurately disclosed his personal connections with Texas, which are the only connections that are relevant to subject him personally to jurisdiction. Mr. Kania does not allege that he has never spoken or corresponded with anyone in Texas. While Mr. Kania has interacted with Mr. Goldberg related to prosthetic liners, Mr. Kania's interactions were in his capacity as a member of Fountainhead, LLC ("Fountainhead") or MIB Associates, which are not a parties to this action nor alleged to have engaged in any anticompetitive activity. Mr. Goldberg was one of five founding members of Fountainhead, which was established in 1996 to provide capital for several inventions. *See* Supplemental Declaration of Defendant Bruce G. Kania, ¶ 1, attached hereto as Exhibit A (hereinafter, "Kania Supp. Decl."). Mr. Kania first met

Tim Goldberg in Bozeman, Montana. Mr. Goldberg approached Mr. Kania based upon Mr. Goldberg's interest in a cantilevered leaf-spring prosthetic leg that Mr. Kania was designing and developing in his role in MIB Associates, not based upon an interest prosthetic liners. Kania Supp. Decl. at ¶¶ 1, 2. Thermo-Ply has not alleged that Mr. Goldberg is involved with the antitrust claims.

Mr. Kania's dealings in his official capacity for Fountainhead and/or MIB Associates cannot create personal jurisdiction for Mr. Kania. *Stuart v. Spademan*, 72 F.2d 1185 (5th Cir 1985) (denying to apply a corporation's contacts in Texas to Spademan individually because the fiduciary-shield doctrine holds that an individual's transaction of business within the state solely as a corporate officer does not give rise to personal jurisdiction over that individual, even if the corporation is subject to personal jurisdiction in the state). While Mr. Goldberg, Fountainhead, and MIB Associates may have contacts with Texas, their contacts are not at issue in this case. Personal jurisdiction over an LLC does not, without more, extend to its members. *King v. Hawgwild Air, LLC*, 2008 WL 2620099 (N.D. Tex. 2008). Likewise, the jurisdiction of an LLC member does not subject the other members to jurisdiction in that state. *Id.*

Neither Fountainhead, Mr. Goldberg, nor MIB Associates is a party to this action, and none are alleged to have taken any action related to any of Thermo-Ply's claims. Likewise, Mr. Kania is not subject to jurisdiction here as a result of being a member of an LLC even though another of its members is a Texas resident. Mr. Kania's contacts with Mr. Goldberg related to prosthetic liners were either on behalf of Fountainhead or MIB Associates, not Mr. Kania individually. These contacts are not alleged to have been related in any way to the claims at issue here. Mr. Kania's social contacts with Mr. Goldberg, if any, likewise do not form a basis for personal jurisdiction because they would not have been related to Thermo-Ply's claims. Therefore, Mr. Kania's contacts with Mr. Goldberg, or any contacts in his official capacity as a representative of Fountainhead or MIB Associates, do not, as a matter of law, give rise to personal jurisdiction over Mr. Kania.

On balance, the contacts recited in Thermo-Ply's Response are not sufficient to subject Mr. Kania to personal jurisdiction in this Court. If the Court grants Thermo-Ply's request for an oral hearing, Thermo-Ply must prove that a preponderance of the evidence favors jurisdiction (*see Kwik-Kopy Corp. v. Byers*, 37 F. App'x 90 (5th Cir. 2002); *Irvin v. S. Snow Mfg., Inc.*, 517 F. App'x 229, 230 (5th Cir. 2013); *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826 (5th Cir.1986)), yet Thermo-Ply fails to make even a *prima facie* showing for jurisdiction over Mr. Kania. Accordingly, exercising jurisdiction over Mr. Kania is improper, and this Court should dismiss the claims asserted against Mr. Kania.

### C. This Court Is Not The Proper Venue For Claims Against Mr. Kania.

In addition to the first-to-file and jurisdictional problems above, this Court should also, or alternatively, dismiss or transfer Thermo-Ply's claims against Mr. Kania for improper venue under 28 U.S.C. § 1391, or, for the convenience of the parties, pursuant to 28 U.S.C. § 1404. Venue must be proper as to each claim asserted and as to each party named in a suit. C. Wright, A. Miller, E. Cooper, & R. Freer, 14D FEDERAL PRACTICE AND PROCEDURE §3807, pp. 204-07 (3d ed. 2013); *Collins v. Doe*, 2012 WL 1414246 *1, *3 (S.D. Tex. 2012) (stating "[i]n actions involving multiple defendants and multiple claims, the plaintiff must establish that venue is proper *as to each defendant* and as to each claim." (emphasis added)).

On a Rule 12(b)(3) motion, the burden of sustaining venue lies with the plaintiff. *L&H Concepts LLC v. Schmidt*, 2007 WL 4165259 *1 (E.D. Tex. Nov. 20, 2007). Thermo-Ply has not met its burden as to Mr. Kania. In Thermo-Ply's Response, Thermo-Ply asserts that the prior action in this Court between it and OWW is a "substantial event" giving rise to Thermo-Ply's *Walker Process* anti-trust claims. *See* Thermo-Ply's Response (Dkt. No. 25) at 13. However, Thermo-Ply presents no evidence that Mr. Kania was involved in filing that suit, or that he was involved in the appeal process to the Federal Circuit. Mr. Kania merely testified regarding the '182 patent, which

Thermo-Ply argues is sufficient for placing venue in this Court as to Mr. Kania. Considering venue specifically with respect to Mr. Kania—as required—there is no argument that a substantial part of the events relating to Mr. Kania occurred in this judicial district. Thermo-Ply's claims here did not arise from Mr. Kania's 2009 testimony. Thermo-Ply's complaint does not allege that Mr. Kania's testimony was anticompetitive or somehow violative of antitrust laws—nor could it, given that OWW gained no advantage whatsoever from the testimony. While the Court accepted that Mr. Kania was the sole inventor for purposes of the application for the '182 Patent, the Court also concluded that the '182 Patent was invalid because the invention claimed was not novel.[3]

Thermo-Ply also opposes Mr. Kania's venue challenge arguing that Mr. Kania failed to "specifically identify key witnesses and outline the substance of their testimony." Mr. Kania incorporated OWW's venue argument by reference into his motion. Any non-Texas witnesses identified by OWW would be equally relevant to Mr. Kania's bases for transferring venue. *See* Kania's Motion to Dismiss (Dkt. No. 8) at 9-10. Moreover, despite Thermo-Ply's assertions otherwise, identifying non-party witnesses is not required. Thermo-Ply cites to *Abatix Corp. v. Capra*, 2008 WL 4427285 *1, *6 (E.D. Tex. 2008) for support of its proposition. *Abatix*, however, concludes that a party may seek transfer for key party witnesses as well as non-party witnesses. OWW, and Mr. Kania by reference, list key party witnesses and refer to the Thermo-Ply's Complaint for the substance of the witnesses' testimony. *See Id.*; *see also* Thermo-Ply's Complaint and Demand for Jury Trial (Dkt. No. 1 at ¶ 62). Further, there is no guaranty that any of the current OWW representatives will be affiliated with OWW throughout this entire case. To the extent that Mr. Kania wishes to compel these individuals' testimony, he must do so by subpoena, and would not be able to force them to testify, or even appear for a deposition, in Texas. Similarly, although

---

[3] Thermo-Ply repeatedly emphasizes Mr. Kania's "two days" of testimony implying that Mr. Kania somehow controlled the amount of time that he was on the stand. This Court certainly recognizes that Mr. Kania was simply answering questions presented to him by the Court and counsel for both parties; he did not control the duration.

admittedly unlikely, there is no guaranty even that OWW will always be a party to this case. Thermo-Ply could dismiss or settle with OWW, leaving Mr. Kania (with no real connection to Texas) as the only defendant in this action. Or, as might be Thermo-Ply's ultimate goal, OWW could file for bankruptcy, which would stay all of the claims against OWW, but not necessarily the claims against Mr. Kania. Thus, it is crucial that venue be proper in this Court specifically as to Mr. Kania, as though Thermo-Ply had named Mr. Kania as the only defendant in this case from the beginning. Thermo-Ply, however, ignores this black-letter obligation and, instead, relies on OWW's alleged Texas actions in an attempt to bootstrap venue for Mr. Kania. Therefore, even considering the convenience and amenability to process current employees of OWW alone, Mr. Kania has shown that the convenience of the parties favors transfer.

At the end of the day, despite its allegations of past forum-shopping by OWW, it is clear that Thermo-Ply is forum shopping by filing its Complaint in this Court, hoping to capitalize further on this Court's prior rulings against OWW. Thermo-Ply's prior victory here is this case's only connection to Texas. It is unlikely that Thermo-Ply would have sued here if the Court had ruled in OWW's favor on the validity of the '182 patent. Accordingly, this Court should transfer this case to the more convenient venue in the Southern District of Ohio.

## III. CONCLUSION

Mr. Kania respectfully requests that this Court dismiss, transfer, or stay the claims asserted against him in the instant action. First, stay or transfer is appropriate under the first-to-file rule because there is a substantial overlap between Thermo-Ply's claims in this case and the claims asserted by OWW against Thermo-Ply in an earlier-filed case pending in the Southern District of Ohio. Although Mr. Kania is not a party to the Ohio action, substantial issues in the two actions nevertheless overlap, and the first-to-file rules does not require complete mutuality of parties.

Thermo-Ply could easily assert its antitrust claims as counterclaims in the Ohio action, with or without Mr. Kania. Notions of comity and judicial economy favor a transfer or stay.

Alternatively, the Court should dismiss the claims asserted against Mr. Kania because this Court lacks personal jurisdiction over Mr. Kania. Mr. Kania is a Montana resident with no regular or continuous connection to Texas, and no specific connection to Texas that gives rise to any of Thermo-Ply's claims. Finally, even if this Court were to decide to exercise personal jurisdiction over Mr. Kania, this Court should dismiss or transfer Thermo-Ply's claims against Mr. Kania for improper venue under 28 U.S.C. § 1391, or transfer them to the Southern District of Ohio pursuant to 28 U.S.C. § 1404 for the convenience of the parties and the preservation of judicial resources.

Respectfully submitted

/s/ Deron R. Dacus
Deron R. Dacus
Texas State Bar No. 00790553
The Dacus Firm
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117
ddacus@dacusfirm.com

OF COUNSEL:

T. Earl LeVere
Ohio State Bar No. 0063515
Ice Miller LLP
250 West Street
Columbus, Ohio 43215
(614) 462-1095
earl.levere@icemiller.com

Jana E. Harris, Ph.D.
Indiana State Bar No. 29949-49
Ice Miller LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-5972
jana.harris@icemiller.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing DEFENDANT BRUCE KANIA'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE to be filed with the Court using the Court's CM/ECF system on February 3, 2014, which will automatically send notice of this filing to all counsel of record who have consented to electronic service. Counsel may view a copy of the foregoing document via the Court's CM/ECF system.

/s/ Deron R. Dacus
Deron R. Dacus
An Attorney for Defendant Bruce Kania